Overton,
 
 J.
 

 delivered the following opinion of the court.
 

 This was an action on the case, commenced in the county court of Knox. The declaration contained the following counts.
 

 “ Jeremiah Read, by his attorney complains of William Anderson in custody, & c. of a plea of trespass on the case, for this, that whereas on the day of in the year of our Lord 1812, the said defendant was indebted to the said plaintiff, in the sum of fifty five dollars and thirty three cents, for money had and received of said plaintiff, at the special instance and request of him said defendant, and being so indebted, he said defendant, in consideration thereof, faithfully undertook and promised to pay him said plaintiff, when he should be thereunto afterwards requested, nevertheless,”—There is a similar count for goods, wares and merchandize sold and delivered; after which follows this special count:—
 

 "
 
 And afterwards, to wit, on the same day and year aforesaid, at (towit) in the county aforesaid, said defendant was indebted to said plaintiff in the sum of fifty five dollars thirty three cents, and by his certain writing obliga
 
 *206
 
 tory, or bill single, and under hand and seal, bearing date the 25th day of February 1811, payable on or before the 3rd day of January, then next ensuing ; on which written obligation, or bill single, as aforesaid, the said plaintiff sued, and obtained judgment on the 8th day of January 1813, before Samuel Montgomery, Esquire, one of the justices of the peace for Knox county, from which judgment, obtained his writ of certiorari, to remove said judgment into said county court to be held for the county of Knox, at which time and place the said defendant then and there under took and faithfully promised, that if he the said plaintiff, would then and there dismiss the said suit, that he the said defendant, in consideration thereof, would well and truly pay all costs, and in five weeks from and after that time, would give said plaintiff good and sufficient security to pay him said debt, in six months then next ensuing ; or otherwise, if not given in five weeks, the plaintiff might have the benefit of his execution ; when and where, the said plaintiff relying upon the promises of said defendant, so by him made, did dismiss the said suit, at the special instance and request of said defendant, " Nevertheless, the said defendant, unmindful of his several promises and undertakings, so by him made, did not in five weeks give him good and sufficient security to pay said sum of money in six months, although often requested so to do at in me country aforesaid, nor hath he done it since, but to do the same he hath hitherto refused, and still doth wholly refuse, to the plaintiffs damage -therefore he sues.”
 

 The defendant pleaded
 
 non assumpsit
 
 to the whole declaration, and on trial the jury found a verdict for the plaintiff ; upon which the defendant filed the following reasons in arrest of judgment. 1st. Because no breach of the contract, stated in the several counts of the declaration, is charged. 2d. Because, by the third count it appears that the plaintiff has no cause of action on the contract therein stated ; and for these and other errors, the defendant prays that judgment on the verdict aforesaid may not be rendered ; but that the same may be arrested.
 

 These reasons were overruled by the county court. and judgment rendered for the
 
 plaintiff;
 
 and thereupon the defendant obtained a writ of error to the circuit court ; that court affirmed the judgment of the county court, and the defendant obtained an appeal, in the nature of a writ of error to this court.
 

 
 *207
 
 In the course of argument, it seems to have been considered as a clear point, that no breach of the two first counts has been assigned.
 

 It is insisted, that no consideration is alledged for the promise contained in the third count.
 

 It is believed, neither of these grounds can be supported. Matters, which are essential to the action, must be stated, but imperfections in pleadings are universally overlooked after verdict. The distinction between detects which are fatal after verdict, and those which are not, arise from an
 
 entire omission
 
 of statement of facts, which are the gist of an action in one case, and an
 
 imperfect statement
 
 of such facts in the other. 1 Call. 259, Fulgrum against Lightfoot. Wils. Ed. Bac. Ab. tit. verdict X, and authorities there referred to.
 

 As to the two first counts, there is manifestly an attempt made to assign a breach, or in other words an imperfect assignment. After the three covenants, the declaration proceeds, “ nevertheless, the said defendant,
 
 unmindful of his several promises and assumptions ;"
 
 then follows a full stop, and the declaration proceeds, “ did not in five weeks,” &c. give good security as contemplated by the third count.
 

 It is well to remark at once, that this declaration, is not only highly inartificial but imperfect in form, insomuch, that it is very probable, it might have been bad on special demurrer. And it would not have been amiss, that the pleader had, in some degree adverted to the advice of Coke and Hobart or this subject. He first observes in Co. Lit.
 
 303
 
 a, "that good pleading is honorable and
 
 excellent,
 
 and many a good cause is clearly lost for want of good and orderly pleading.” Lord Hobart, in p 164, says, the law requires in every plea two things
 
 ;
 
 the one, that it be in matter sufficient; the other, that it be deduced and expressed according to the forms of law
 
 ;
 
 and if either the one or the other of these be wanting, it is cause of demurrer. But after the defendant took issue on the pleadings, imperfect as they are, called for, and made it necessary for the plaintiff to go through an expensive and tedious trial, he tacitly waived all exceptions to the declaration to which he was competent. Material omissions, or an entire want of material averments he could not waive ; because that was necessary for the court, in order that it might have ground or foundation, in the declaration, on which to render judgment. By not demurring, & there
 
 *208
 
 by having waived these imperfections, the defendant will not now be permitted to make them. It is a rule in pleading, that where there is no averment, no proof is necessary, nor is any supposed to have been made on such point, but where there are averments, or statements, however imperfect they may be, after verdict the law presumes the necessary evidence was produced.
 

 It is conceived, that a sufficient consideration appears in the third count, but on this part of the case, it is not necessary to dilate, the judgment must be affirmed on the two first counts. It is provided by act 1801, ch, 6, s. 63, " that when there are several counts, one of which is faulty, and entire damages be given, the verdict shall be good." " That in any matter or suit, depending in court, it shall and may be lawful for either plaintiff or defendant to enter his own plea, and defend his own cause, and that no instrument of writing, which contains the substance, shall be lost or destroyed for want form.” 1786, ch. 14, s. 3. The same principles are inculcated by act of November 1809, c. 49, s.
 
 21.
 

 Judgment affirmed.