SCHUMPERT et ux. v. MOORE (Two Cases).—149 S. W. (2d) 471.

Middle Section.   November 30, 1940.

Petition for Certiorari denied by Supreme Court, April 5, 1941.

Roberts & Roberts, of Nashville, and Earl Beasley, of Franklin, for plainiffs in error Schumpert.

Robert H. Polk and Ward Hudgins, both of Franklin, for defendants in error Moore.

CROWNOVER, J.  These two actions were tried together in the Circuit Court by agreement, and only one bill of exceptions and assignment of errors were filed in this court.

India Moore's action is to recover (1) damages for being forcibly ejected from a house which she and her husband were occupying as tenants, and (2) damages for an assault which caused her to suffer a miscarriage.

Robert Moore's action is for (1) damages for being forcibly ejected, and (2) for loss of services of his wife and medical expenses as the result of the ejectment and assault.

The defendants pleaded the general issue of not guilty in both cases.

The cases were tried by the judge and a jury.  At the close of the plaintiffs' evidence and again at the conclusion of all the evidence the defendants moved the court for peremptory instructions in their favor, which motions were overruled.  The jury returned a verdict of $375 for each plaintiff, and judgments were entered accordingly.

The defendants' motions for a new trial were overruled and they appealed in error to this court and have assigned errors as follows:

There is no evidence to support the verdicts, and the court erred in refusing to direct verdicts for the defendants.

The facts necessary to be stated are as follows: Robert Moore, a colored man of the age of forty-nine years, and his wife, India Moore, aged thirty-eight years, were hired by Paul A. Schumpert, in March, 1939, as servants on his farm near Brentwood.  They and their family were permitted to occupy a tenant house on the place.

On Friday, April 7, 1940, they were discharged.

On Saturday night, April 8, 1940, at about 9 or 9:30 o'clock, Schumpert forcibly ejected them from the tenant house.

The testimony of the plaintiffs was that they were discharged on Friday night; that on Saturday morning Robert Moore went to Nashville and rented a house but could not get possession until Monday; that he returned home and found that a negro couple Schumpert had hired in their places had moved into a part of the house; that he arranged with them to remain in two rooms of the house until Monday; that at about nine o'clock that night Mr. and Mrs. Schumpert drove to the house in their automobile and Schumpert came in with a pistol and a flash light in his hands and told them they must leave the house immediately; that it was raining and cold and Robert Moore told Schumpert that he could not get a house until Monday; that while he was talking to Schumpert Mrs. Schumpert fired several shots with a pistol, one of them going through the kitchen window very near India Moore, and cried out: "G— d— it, come out of there"; and all of them ran out of that room; that they hurriedly gathered up some clothing and other personal articles and went out of the house; that Schumpert and his wife drove them to Nashville; that on the trip Schumpert had a pistol lying on the front seat by him and Mrs. Schumpert was seated on the back seat holding a pistol in her hand.

The other two negroes in the house testified that Schumpert came to the tenant house with a pistol in his hand and told Moore that he was going to put him out; that when Robert and India had put their coats and hats on and were ready to go, Mrs. Schumpert shot through the window into the room and cried out, "G— d— it, come out, I am solid out here."

Robert and India testified that India Moore was pregnant and had a miscarriage the next morning as the result of being freightened by the pistols and the shots.

The testimony of Mr. and Mrs. Schumpert was that Mrs. Schumpert did not go to the tenant house; that Schumpert went to the house with his pistol in his pocket and told Moore to get out; that Moore said he had consulted a lawyer and found that he could stay five days; that he threatened to go and get a warrant and put them out and Moore then agreed to go; that no shots were filed; that he offered to carry them to Nashville and they got into his automobile; that he drove to his house and got his wife to accompany them, and he handed her his pistol which she held in her hand while going to Nashville.

The negro doctor at whose hospital Robert and India testified that India suffered the miscarriage was introduced as a witness. He testified that he couldn't remember whether India was at his hospital but his records did not show that she was there or had a miscarriage, and, in fact, he denied that she had a miscarriage there.

But Mr. Robert Polk, one of the attorneys for the plaintiffs, testified that he had interviewed Dr. Cheek, the negro doctor, before the trial, who told him that India had a miscarriage and had stayed at his hospital for eight or nine days. Cheek denied this.

But this is immaterial except as to the credibility of the witnesses. The jury by its verdict accepted the version of the plaintiffs, and there is evidence to support the verdicts. We must take that view of the evidence most favorable to the plaintiffs. Elmore v. Thompson, 14 Tenn. App., 78, 81; Fly v. Swink, 17 Tenn. App., 627, 630, 69 S. W. (2d) 902; Tyrus v. Railroad Co., 114 Tenn., 579, 86 S. W., 1074.

All parties present and participating in a crime are guilty as principals. Pierce v. State, 130 Tenn., 24, 168 S. W., 851, Ann. Cas., 1916B, 137; 16 C. J., 123, sec. 107, 22 C. J. S.; Criminal Law, sec. 85.

All parties who participate in a trespass are liable, regardless of the relation they sustain among themselves. Cumberland Telephone & Telegraph Co. v. Stoneking, 1 Tenn. Civ. App. (1 Higgins), 241.

The landlord could obtain possession only by a forcible entry and detainer proceeding. Code, secs. 9244, 9245, 9257; Cutshaw v. Campbell, 3 Tenn. App., 666, 688, 689.

A tenant at sufferance may maintain an action of trespass. 26 R. C. L., 957, sec. 33.

Every trespass gives a right to at least nominal damages. 63 C. J., 1035, 1036, sec. 225; 26 R. C. L., 971, sec. 48; 4 Ency. of Evidence, 4.

And the injured party can recover all consequential damages. 63 C. J., 1036, 1037.

It is insisted that the defendants are not guilty of an assault; but it doesn't take much stretch of the imagination for us to visualize the effect of pistols and shots, accompanied by peremptory demand for possession, upon defenceless negroes when being turned out of home on a cold night.

The defendants were guilty of assault, Mrs. Schumpert in shooting through the window (Cowley v. State, 78 Tenn. [10 Lea], 282), and Schumpert in going into the house with a pistol in his hands and ordering the plaintiffs out. State v. Smith, 21 Tenn. (2 Humph.), 457.

The defendants insist in their brief that there is a variance between the pleadings and the proof. But there is no variance. They were charged with trespass and an assault. The verdicts must be applied to the good counts. Code, sec. 8824; Tennessee Cent. Railroad Co. v. Umenstetter, 155 Tenn., 235, 291 S. W., 452.

The assignment of error is therefore overruled and the judgments of the Circuit Court are affirmed. Judgments will be entered in this court in favor of each plaintiff and against the defendants for $375

with interest thereon from April 24, 1940, to the present, together with the costs of the cause. The costs of the appeal are adjudged against the defendants and the surety on their appeal bond.

Faw, P. J., and Felts, J., concur.