# LENOIR CAR WORKS v. JOE M. LITTLETON. JOE M. LITTLETON v. LENOIR CAR WORKS. —293 S. W. (2d) 585.

Eastern Section. March 21, 1956.

Petition for Certiorari denied by Supreme Court, July 20, 1956.

324

Donaldson, Montgomery & Kennerly, Knoxville, for Lenoir Car Works.

M. G. Goodwin, Lenoir City, and Hodges & Doughty, Knoxville, for Joe M. Littleton.

HOWARD, J. Referring to the parties as they appeared below, this appeal is from a judgment based on a jury's verdict for $25,000 in favor of the plaintiff, Joe M. Littleton, against the defendant, Lenoir Car Works, a Corporation, located at Lenoir City, Tennessee.

The record discloses that for several years before the matters herein arose, the defendant was engaged in operating a foundry in which equipment for railway cars was made, employing approximately 200 employees, one of which was the plaintiff herein.

The record further discloses that plaintiff worked continuously in the defendant's foundry from 1927 until September 12, 1952, when he was forced to quit work because

of the disabling disease known as silicosis which he incurred during his employment with the defendant.

Plaintiff's action was filed on December 10, 1952, and his declaration, which is in two counts, alleges in substance that during the entire period he worked for the defendant that he was compelled to work in places where a heavy dust, containing particles of sand, silica and other deleterious substances, was produced, and which he was compelled to breathe by reason of the defendant's negligence.

Plaintiff further alleges that during the entire period that he was employed by the defendant, he worked at only two jobs, the first, operating a chipping hammer for about 12 years, and the other, working as an iron pourer for approximately 13 years; that in operating the chipping hammer, slag and metal parts were chipped off of castings, in which there was imbedded sand, silica, etc., and that while working as an iron pourer he was stationed on a platform some 12 feet above the floor, from which point he operated the machinery for pouring the hot metal into molds, which had been previously lined with sand, silica, etc., and that he was compelled to breathe the dust and fog created thereby; that as result of the above described conditions plaintiff contracted, prior to March 12, 1947, the disease known as silicosis, sometimes referred to as fibroid tuberculosis, in which the air space of his lungs became infiltrated with silica or other deleterious substances produced in the defendant's plant which he was required to breathe, and that his condition grew progressively worse until he was no longer able to work on September 12, 1952, because of his total disability; that now, because of his total and permanent disability, he is unable to perform work of any kind or character.

It is further alleged that the defendant was fully aware of the existing conditions at its plant and the harmful effects of the dust, silica, etc., upon the lungs of its employees; that despite said knowledge the defendant wilfully and negligently failed, refused and neglected to advise plaintiff of these harmful effects, and negligently failed, refused and neglected to provide plaintiff with a safe place in which to work by negligently failing to install blowers, fans and other devices to withdraw the deleterious substances from the plant, and that defendant negligently failed, refused and neglected to provide plaintiff with the necessary respirators or other devices then available, which would have protected him from said harmful substances; that plaintiff was unaware of the harm being done to his lungs, not having been advised by the defendant of such harmful effects, and that the defendant wilfully and negligently concealed these facts from him.

The second count of plaintiff's declaration, based on Section 50-403, T. C. A., Code Supp. 1950, Section 5788.12, reads as follows:

"Material or process injurious to health to be rendered harmless.—No employer as defined in this article shall use in his business or place of employment any material or process in such a way as to create a condition which upon examination is found to be injurious to the health of those employed therein, without rendering same harmless as far as practicable."

It is averred that the defendant wilfully violated the above provision in the operation of its plant.

To the declaration the defendant demurred on grounds (1) that plaintiff's action was barred by the Statute of

Limitations of one year, and (2) that the second count of plaintiff's declaration, based on the above Code provision, did not state a cause of action. This demurrer was overruled and the defendant, being required to plead specifically its defenses, filed numerous special pleas in which it not only relied upon the grounds stated in its demurrer, but in addition thereto averred that under the provisions of Chapter 123 of the Public Acts of 1919, and all Acts amendatory thereto, both plaintiff and defendant had elected to operate and be bound by said Act, being known as the Workmen's Compensaiton Act, T. C. A. sec. 50-901 et seq., and the defendant further denied generally that its plant had been negligently operated or that it was legally responsible for plaintiff's disability, as alleged.

Upon the trial, the case was submitted to the jury on both counts of the declaration, and in addition to the general charge the Court, at the defendant's request, instructed the jury to return a special verdict, said instruction being, as follows:

"You will determine the date when he became afflicted with silicosis, if he did, and the date when it reached the state it could have been diagnosed as silicosis and write it on the blank line."

After due deliberation the jury not only returned a general verdict for the plaintiff on both counts of the declaration, but likewise returned the following special verdict:

"According to all evidents we the jury say that Joe Littleton became effected with silicosis in 1939 and could have been diagnosed as silicosis in 1948."

Thereupon, the defendant moved that the trial judge enter judgment dismissing the plaintiff's action on the jury's specific finding that plaintiff's occupational disease of silicosis was not diagnosable on or before March 12, 1947, that plaintiff, under the jury's specific finding, was not entitled to maintain a common law action for damages, but must bring his suit under the Workmen's Compensation Law as provided by Chapter 139 of the Public Acts of 1947, the applicable provisions of said Act reading, as follows:

" 'Occupational diseases' defined.—The following diseases only shall be deemed to be occupational diseases within the meaning of the Workmen's Compensation Law: * * * 3. Silicosis. * * * " sec. 50-1101, T. C. A., Code Supp. 1950, Sec. 6852.

"Law not retroactive beyond March 12, 1947.— An occupational disease which an employee had on March 12, 1947, shall not be covered hereunder. An employee has an occupational disease within the meaning of this law if the disease or condition has developed to such an extent that it can be diagnosed as an occupational disease. In every suit for compensation benefits, the burden shall be on the employee to prove that he did not have, as of the said date, the occupational disease for which he is seeking compensation." sec. 50-1102, T. C. A., Code Supp. 1950, Sec. 6852.

The defendant's motion to dismiss plaintiff's action on the above stated grounds was overruled, and judgment for the plaintiff against the defendant was accordingly entered for $25,000, to which action the defendant excepted and prayed an appeal to the next term of the Court

of Appeals, which was granted on condition that defendant file proper appeal bond within 30 days and bill of exceptions within 60 days. Meantime a motion containing numerous grounds was filed by the plaintiff to set aside the special verdict which, after due consideration, the Court sustained because (1) the special verdict was vague and indefinite, and (2) not responsive to the questions submitted to the jury. Other grounds contained in plaintiff's motion were overruled, to which action he excepted, prayed and perfected an appeal to this Court, where errors have been assigned in his behalf, insisting that (1) there was no evidence to support the special verdict, and (2) the evidence was uncontradicted that plaintiff's disease of silicosis could have been diagnosed as such on or before March 12, 1947.

No appeal bond or bill of exceptions was filed by the defendant, nor did the defendant file motion for a new trial on either the judgment based on the jury's general verdict or on the action of the trial court in setting aside the special verdict, but did take an appeal to the Supreme Court on the technical record embodying all the pleadings, the trial court's orders, jury's verdicts, motions, etc., assigning in that court two errors in support of its appeal. At the October Term of the Supreme Court the defendant's appeal was, upon motion of the plaintiff, transferred to this Court where both appeals will be treated as consolidated.

No contention is made here that there was no evidence to support the general verdict.

By the first assignment, the defendant contends that the trial court erred in refusing to sustain its motion to dismiss plaintiff's action because of the special find-

ing of the jury that plaintiff's disease "could have been diagnosed as silicosis in 1948"; that the special finding of the jury was superior and took precedence over the general verdict, and that the general verdict and the special verdict were irreconcilable and could not stand together.

As previously pointed out, the trial court set aside the special verdict on grounds that said verdict was (1) vague and indefinite, and (2) not responsive to the questions submitted, to which action the defendant excepted and prayed an appeal to this Court, but as was done on the overruling of its motion to dismiss plaintiff's action on the special verdict, the defendant filed no bill of exceptions and did not perfect said appeal. Nor has the defendant assigned error to the action of the court in setting aside the special verdict. Consequently, the special verdict having been set aside, we are of the opinion that the defendant cannot now, under the circumstances, rely thereupon.

Furthermore, it seems to be the recognized procedure in this state that a jury may return a general verdict at the same time it responds to interrogatories submitted by the court, and if the findings on the interrogatories are insufficient to warrant a judgment, the court may act upon the general verdict and deal with it as if there had been no findings. Southern Railroad Co. v. Terry, 3 Tenn. Civ. App. 445; Louisville & N. R. Co. v. Frakes, 11 Tenn. App. 593; sec. 20-1316, T. C. A., Code 1932, sec. 10346; Tennessee Procedure in Law Cases, 1515d, p. 580.

In Tennessee Procedure in Law Cases, it says:

"The Court of Civil Appeals in rendering the opinion in the above mentioned case (Southern Railroad Co. v. Terry, supra) took pains to observe that

the common-law right of the jury to return a general verdict along with its responses to special issues was not taken away by such procedure. We are of the opinion that the Code section just quoted does not change the rule, and that notwithstanding the responding of the jury to special issues, they should be advised by the court of their right to return along with the special answers their conclusions generally, that is, that they find for the plaintiff or for the defendant, and the court may still accept and act upon the general verdict of the jury, provided there be nothing inconsistent therewith in the special findings.'' Sec. 1515e, p. 580.

*''The right to move for a new trial or rehearing upon these special verdicts is not to be questioned, and this motion may be had with respect to all the findings or to one or any number fewer than the whole of them.* But, assuming that the findings are not disturbed and the findings of the jury are sufficient to warrant a judgment, it will be the duty of the court to pronounce such judgment as the law calls for or warrants. *But if the findings are not sufficient to warrant any particular judgment, the judge may, as we have said, act upon the general verdict of the jury and deal with it as if there had been no findings.* But this must not be understood as empowering the court to disregard any material finding of the jury. The court should resubmit such case with proper instructions to the jury if they have reported an unintelligible finding or have not found upon certain issues. If there be disagreement on any material issue the court, as in chancery, should enter a mistrial and award a venire de novo unless the

situation be dealt with by consent. The parties may expressly or impliedly agree to dispense with a general verdict." Sec. 1515i, p. 582 (Emphasis supplied.)

In the instant case, the trial judge having set aside the special verdict of the jury as vague and indefinite and not responsive to the questions submitted, we are constrained, for reasons indicated, to approve his action.

As will be observed from the following portions of the trial court's general charge, the jury was specifically instructed that before plaintiff could recover the jury must find that he had silicosis in diagnosable form on or before March 12, 1947:

"Now there is one other thing, Lady and Gentlemen of the Jury that the Court feels should be commented on to you. In the fifth special plea filed by the defendant, the defendant says that it denies that the plaintiff had silicosis in diagnosable form on March 12, 1947. If you should find by the greater weight of the proof, by the preponderance of the evidence, that the plaintiff, if he has silicosis at all, did not have it in diagnosable form on March 12, 1947, then your verdict would be in favor of the defendant. And that is true for this reason. On March 12, 1947, an amendment to the Workmen's Compensation Law of this state became effective which provided for the payment of compensation under the Workmen's Compensation Law for silicosis sustained during the course of employment and any such condition developing, or arising, or occurring, after March 12, 1947, could be compensated for only under the Workmen's Compensation Law of

this State, and damages for any such could not be recovered in an action of this kind. Therefore, it is for that reason that the Court instructs you to look carefully to the proof upon that question, and if you find that the plaintiff has silicosis, or an occupational disease shown by the proof in this case, but that he contracted it after March 12, 1947, then in that event your verdict would have to be in favor of the defendant.

* * * * * *

"I further charge you that if the plaintiff had silicosis in diagnosable form on March 12, 1947 the plaintiff would not be entitled to benefits under the Workmen's Compensation Law of Tennessee as amended, but his sole remedy would be an action such as he has brought here.

"I should emphasize again, Lady and Gentlemen of the Jury, the importance of that date in your consideration for the reasons that have been indicated by the Court in comment upon the date of March 12, 1947."

The fact that the jury reported that plaintiff's disease "could have been diagnosed as silicosis in 1948," did not exclude the possibility that the disease was diagnosable on or before March 12, 1947, as indicated by plaintiff's medical proof, and we must assume that the jury by its general verdict followed the trial court's specific instructions.

■■ Nor do we find any merit in the defendant's contention made under assignment of error 2, that the trial court erred in overruling its demurrer to the second count of plaintiff's declaration based on Section 50-403,

T. C. A., Code Supp. 1950, Sec. 5788.12, which reads, as follows:

"Material or process injurious to health to be rendered harmless.—No employer as defined in this chapter shall use in his business or place of employment any material or process in such a way as to create a condition which upon examination is found to be injurious to the health of those employed therein, without rendering same harmless as far as practicable."

The sole ground relied upon in the demurrer is that information obtained upon investigations by the Commissioner of Public Health or his duly authorized deputy as provided by Sec. 50-405, T. C. A., Code Supp. 1950, Sec. 5788.14, is not admissible in evidence in any action of law to recover damages for personal injuries by reason of Sec. 50-408, T. C. A., Code Supp. 1950, Sec. 5788.17, which reads, as follows:

"Information obtained not evidence in actions at law. — Information obtained from studies or upon investigations made in accordance with the provisions of this chapter shall not be admissible in evidence in any action at law to recover damages for personal injury or in any action under the Workmen's Compensation Law".

Demurrers are not only not favored, but they are strictly construed, and have nothing to do with the admissibility of evidence. As will be observed, the demurrer deals exclusively with the admissibility of evidence rather than the question of whether a cause of action based on Sec. 50-403, T. C. A., Code Supp. 1950, Sec. 5788.12, can be maintained, and assuming the correct-

ness of the defendant's contention that information obtained upon the investigations by the Commissioner of Public Health, etc., is inadmissible in evidence, we have found nothing in the statute that would prevent the employee or other employees from proving actual violation by their own testimony, as was done in the present case.

Moreover, the jury returned a general verdict on both counts of the declaration, and assuming the correctness of the defendant's contention, we are compelled to affirm the judgment on the good count about which no question is made, as under our statute and decisions a general verdict on two or more counts is valid, though one count be bad. Sec. 20-1317, T. C. A., Code 1932, Sec. 8824; Schumpert v. Moore, 24 Tenn. App. 695, 149 S. W. (2d) 471; Tennessee Central R. Co. v. Umenstetter, 155 Tenn. 235, 291 S. W. 452; Anderson v. Read, 2 Tenn. 205 [Reprint 581].

Finally, because of the conclusions reached, it is unnecessary for us to consider the plaintiff's assignments of error.

It results, for reasons indicated, that the defendant's assignments of error are overruled, and the judgment below affirmed at defendant's costs.

McAmis, P. J., and Hale, J., concur.