DECISION AND JUDGMENT ENTRY
{¶ 1} Ralph Dyer appeals the judgment of the Scioto County Court of Common Pleas in favor of Jerome Rini and Mary Jo Rini Bross (collectively "Rinis") regarding the parties' property line dispute. On appeal, Dyer contends that the trial court erred in finding that the Rinis own the property at issue by adverse possession. Because we find that the trial court also determined that the Rinis own the disputed property by deed, Dyer's arguments regarding adverse possession are moot, and we decline to address them. Dyer next contends that the trial court erred in finding him in contempt. Because competent, credible evidence supports the trial court's finding, we disagree. Dyer next contends that the trial court did not have the statutory authority to award attorney fees as part of his civil contempt punishment when the Rinis never requested the same. Because the finding of civil contempt is an exception to the rule prohibiting *Page 2 
the award of attorney fees without statutory authority when attorney fees are awarded as part of costs, and because the Rinis did request costs, we disagree. Dyer next contends that the trial court erred when it imposed a $3,000 fine as part of its punishment for the contempt. Because the court gave Dyer the opportunity to purge his contempt and not pay the $3,000 fine by paying $1,000 in attorney fees (costs associated with the contempt) within 30 days, and because he has met the condition by paying the attorney fees as part of a supersedeas bond paid into the clerk of courts, we find his argument moot. Dyer next contends that the trial court erred when it failed to award him at least nominal damages on his trespass action. We agree. Finally, Dyer contends that the trial court's factual finding that he caused injury to a horse is against the manifest weight of the evidence. Because competent, credible evidence supports the trial court's finding, we disagree. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court and remand this cause to the trial court with the instruction to award Dyer nominal damages on his trespass action.
 I. {¶ 2} The Rinis cleaned a common fence line between Dyer and them. Dyer objected and claimed that the fence was on his property. Dyer and his son removed about ninety feet of the fence before deputies intervened.
 {¶ 3} The Rinis had the boundaries surveyed, which apparently showed that the fence line was proper. Dyer re-erected the fence. However, after the Rinis asked Dyer to pay for one-half of the survey, and after Dyer believed that the Rinis removed survey stakes, Dyer threatened to again remove the fence. *Page 3 
 {¶ 4} The Rinis filed an action against Dyer. The Rinis demanded "[t]hat [they] be determined to be the legal and equitable owner of the disputed real property" and "[t]hat the common boundary line be determined and Plaintiffs' title to the disputed real property be quieted or, alternatively, Plaintiffs are adjudged owners by adverse possession/acquiescence[.]" They also demanded damages caused to a horse and to the fence as a result of Dyer's trespass. They further asked the court for injunctive relief and demanded "their costs."
 {¶ 5} After a hearing, the court granted a preliminary injunction against Dyer, prohibiting him and his agents from interfering with the fence or fence line.
 {¶ 6} Dyer filed an answer and a counterclaim. Dyer demanded, inter alia, damages against the Rinis for trespass.
 {¶ 7} At the hearing, the parties and their surveyors testified. Bross testified that she saw her horse hit a survey stake that Dyer put in the ground on the Rinis side of the fence. Based on the injuries, she had to take the horse to the vet. She admitted that she trespassed on Dyer's land to retrieve her horses after they got loose. She further testified that she paid her attorney $150 an hour for the two contempt charges the Rinis brought against Dyer, which totaled several thousands of dollars.
 {¶ 8} The court found the Rinis' surveyor more credible. The court found, by clear and convincing evidence, that the Rinis "are the owners of the property [in dispute] by virtue of their deeds and by adverse possession." The court, on the Rinis' trespass claim, awarded them damages of "$1,889.00 for the veterinarian bill and $479.46 for damage to the fence." The court found Dyer in contempt and ordered him to pay $1,000 of the Rinis' attorney fees and a $3,000 fine. However, the court stated that *Page 4 
Dyer "may purge himself of contempt and be relieved of paying the $3,000.00 fine if he pays the attorney fees within 30 days of the date of this entry."
 {¶ 9} The court found in favor of Dyer on his trespass claim and denied his
remaining claims. However, the court found that Dyer did not suffer any damages as a result of the trespass and did not award any damages.
 {¶ 10} Dyer filed a notice of appeal. The trial court granted Dyer a stay providing that he file a $3,368.46[1] supersedeas bond with the clerk of courts. Dyer deposited a $3,368.46 cash bond with the clerk of courts.
 {¶ 11} On appeal, Dyer asserts the following four assignments of error: I. "THE TRIAL COURT ERRED IN FINDING THAT THE [RINIS] ARE THE OWNERS OF THE PROPERTY AT ISSUE BY ADVERSE POSSESSION." II. "THE TRIAL COURT ERRED IN FINDING AND PUNISHING * * * DYER FOR CONTEMPT." III. "THE TRIAL COURT ERRED IN FINDING THAT [THE RINIS] COMMITTED TRESPASS AGAINST [DYER] BUT AWARDING NO DAMAGES." And, IV. "THE FINDINGS OF THE TRIAL COURT AS TO INJURY TO THE HORSE ARE AGAINST THE MANFIFEST WEIGHT OF THE EVIDENCE AND MUST BE REVERSED."
 II. {¶ 12} Dyer contends in his first assignment of error that the trial court erred in finding that the Rinis are the owners of the disputed area by adverse possession.
 {¶ 13} One of the demands of the Rinis in the complaint that they filed in the trial court stated "[t]hat the common boundary line be determined and [the Rinis'] title to the *Page 5 
disputed real property be quieted or, alternatively, [the Rinis] are adjudged owners by adverse possession/acquiescence[.]" As such, the trial court did not have to address their adverse possession claim if it found that they held title to the disputed real property by deed. The trial court did find that the Rinis are the owners of the disputed area by deed and by adverse possession. Thus, because the court found that the Rinis owned the disputed property by deed, we need not resolve whether the court erred when it found that the Rinis also owned the disputed property by adverse possession. Consequently, the issue is moot, and we decline to address it. See App. R. 12(A)(1)(c). See, also,Martin v. Schaad, Washington App. No. 02CA65, 2004-Ohio-124, ¶ 21.
 {¶ 14} Accordingly, we overrule Dyer's first assignment of error.
 III. {¶ 15} Dyer contends in his second assignment of error that the trial court erred when it found him in contempt and punished him for the same.
 {¶ 16} "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" R.C. 2705.02(A). "It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel." State ex rel.Adkins v. Sobb (1988), 39 Ohio St.3d 34, 36.
 {¶ 17} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. Cramer v. Petrie (1994),70 Ohio St.3d 131, 133. A court possesses both inherent and statutory authority to compel compliance with its lawfully issued orders. State ex rel.Bitter v. Missig (1995), 72 Ohio St.3d 249; R.C. 2705.02(A). The decision of *Page 6 
whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Kilbane (1980), 61 Ohio St.2d 201, paragraph one of the syllabus. An abuse of discretion connotes a decision by the trial court that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 18} Contempt may be classified as either civil or criminal depending on the court's underlying rationale and the penalty imposed. Civil contempt orders seek to coerce compliance with the court's orders while criminal orders punish the party who offends the court.Denovcheck v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16;Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253-254.
 {¶ 19} A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. Furthermore, a sanction for civil contempt must allow the offender an opportunity to purge himself or herself of the contempt. Brown, supra.
 {¶ 20} Here, the court imposed a conditional fine on Dyer to coerce his compliance with the trial court's order to pay attorney fees. Therefore, we classify the trial court's order as civil contempt.
 {¶ 21} The burden of proof in this civil contempt action was clear and convincing evidence. Brown at 253. "Clear and convincing evidence" is evidence that will form a firm belief in the mind of the trier of fact as to the facts sought to be established. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. "Clear and convincing evidence" is considered a higher degree of proof than a "preponderance of the evidence," the standard generally used in civil cases; "clear and convincing *Page 7 
evidence" is a less stringent requirement than the "beyond a reasonable doubt" standard used in criminal proceedings. Id. Appellate courts will reverse a trial court's finding decided under the "clear and convincing evidence" standard only if it is not supported by competent, credible evidence. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 22} Here, the court's preliminary injunction provided, in relevant part, that Dyer was not to remove the fence in question. Dyer does not contend that the record lacks competent, credible evidence to support the trial court's two contempt findings. Instead, Dyer claims that the trial court's finding, i.e., that the prior judge had earlier found him in contempt twice but delayed punishment until the final hearing, was in error because the record does not show this occurred, and because the prior judge never reduced it to writing.
 {¶ 23} First, Dyer does not deny that two contempt hearings occurred. However, he did not provide this court with a transcript or an App. R. 9 statement of his contempt hearings. Therefore, we presume the regularity of those proceedings. See, e.g., Natl. City Bank v. Beyer (2000),89 Ohio St.3d 152, 160. Consequently, we find that the court twice found Dyer in civil contempt by clear and convincing evidence. Second, competent, credible evidence supports the trial court's finding. Mary Jo Bross testified, without objection, that the earlier judge had found Dyer in contempt on two separate occasions.
 {¶ 24} In addition, Dyer, in his proposed findings of fact and conclusions of law, invited the court to make the finding at issue. "A party will not be permitted to take *Page 8 
advantage of an error which he himself invited or induced." Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus.
 {¶ 25} Consequently, we find that the trial court did not err when it found that an earlier judge in the case had twice found Dyer in contempt.
 {¶ 26} Dyer further contends that the trial court erred when it awarded attorney fees (related to the two contempt proceedings) because the Rinis never asked for attorney fees in any of their motions. Dyer does not cite to any legal authority to support his contention.
 {¶ 27} Generally, a court cannot award attorney fees after a civil contempt finding without statutory authority. However, an exception exists. "A trial court may, within its discretion, include attorney fees as part of the costs taxable to a defendant found guilty of civil contempt." Planned Parenthood Ass'n of Cincinnati, Inc. v. ProjectJericho (1990), 52 Ohio St.3d 56, 67, citing State, ex rel. FraternalOrder of Police, v. Dayton (1977), 49 Ohio St.2d 219, syllabus. InPlanned Parenthood, "[a]ppellants repeatedly violated the terms of the injunction, despite warnings and offers to explain the injunction by the trial judge."
 {¶ 28} Here, the Rinis requested their costs in the complaint. In addition, Dyer (like the appellants in Planned Parenthood), violated the injunction on more than one occasion. Mary Jo Bross testified, without objection, that she paid her lawyer $150 an hour, and it cost her several thousand dollars for the two contempt proceedings. As such, we cannot find that the trial court abused its discretion when it awarded the Rinis part of their attorney fees as costs. *Page 9 
 {¶ 29} Dyer further claims that the trial court erred when it imposed a $3,000 fine as part of its punishment for the contempt. The court imposed a $3,000 fine (payable to Scioto County), but gave Dyer the opportunity to purge his contempt and not pay the fine if he paid the $1,000 in attorney fees within 30 days.
 {¶ 30} We find this part of Dyer's argument moot. Dyer deposited a cash bond with the clerk of courts within the 30 day requirement. The bond covers the part of the costs involving the $1,000 awarded as attorney fees. As such, Dyer has purged himself of the contempt, and he does not have to pay the $3,000 fine. See R.C. 2505.14. Thus, this issue is moot.
 {¶ 31} Accordingly, we overrule Dyer's second assignment of error.
 IV. {¶ 32} Dyer contends in his third assignment of error that the trial court erred when it found that the Rinis committed a trespass but failed to award damages. He asserts that he is entitled to at least nominal damages. "We review questions of law de novo." Cuyahoga Cty. Bd. ofCommrs. v. State, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.
 {¶ 33} "There is no certain rule for ascertaining the damages by trespass upon real property or person; however, in most cases, the law conclusively presumes damages in every case of trespass." 88 Ohio Jur.3d Trespass § 19, citing Pearl v. Pic Walsh Freight Co. (1960),112 Ohio App. 11, 15. "Thus, in an action for trespass, if trespass is shown, the plaintiff is always entitled to some damages, even though they may be nominal." Id. See, also, Smith v. A.B. Bonded Locksmith, Inc. (2001),143 Ohio App. 3d 321, 326. However, "[w]here property owners are relying on a theory of `indirect' trespass, there is no presumption of damages." Id. *Page 10 
 {¶ 34} Here, the cause of action involved a direct trespass. As such, Dyer is entitled to nominal damages.
 {¶ 35} Accordingly, we sustain Dyer's third assignment of error.
 V. {¶ 36} Dyer contends in his fourth assignment of error that the court's finding regarding the injury to the horse was against the manifest weight of the evidence.
 {¶ 37} Here, the court made the following factual finding, "The Court finds the [Rini's] horse was injured on a survey stake that was placed on the plaintiff's property. From the testimony this Court finds [Dyer] is responsible for the placement of the survey stake and is responsible for damages to the horse."
 {¶ 38} An appellate court will not reverse a trial court's factual finding unless it is against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. A finding is not against the manifest weight of the evidence when the record contains some competent, credible evidence supporting it. Id. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the finding and prevent a reversal.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. "[A] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge `* * * is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the proffered testimony. In re Jane Doe I (1991), 57 Ohio St.3d 135; see, also,Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. *Page 11 
 {¶ 39} Dyer asserts that the evidence shows that the horse was injured but that it did not show that he caused the injury. Bross testified that she saw the horse hit a pipe. She further claimed that Dyer placed the pipe in the ground.
 {¶ 40} Dyer maintains that Bross's testimony was not credible. However, the trial court, as the trier of fact, "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." In re Jane Doe I, supra. The trier of fact is free to believe or disbelieve a witness's testimony in whole or in part. Swanson v. Swanson (1976), 48 Ohio App.2d 85, 96-97.
 {¶ 41} Dyer further claims that no direct evidence demonstrated that he put the pipe in the ground. However, whether the evidence supporting a finding is direct or circumstantial does not bear on our determination. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus (superseded by state constitutional amendment on other grounds).
 {¶ 42} The survey stake (pipe) at issue was identical (or at least similar) to another survey stake that the court believed Dyer set in the ground. Dyer at one point removed part of the fence because he thought that the Rinis had moved the survey stakes establishing the boundary line. These facts combined with the friction between the parties could reasonable lead the court to infer that Dyer or his agents set the stake in the ground that caused injury to the horse. *Page 12 
 {¶ 43} Using direct and circumstantial evidence, the court simple chose to believe the Rinis' version. That is its province. Competent, credible evidence supports its factual finding. Therefore, we find that this finding is not against the manifest weight of the evidence.
 {¶ 44} Accordingly, we overrule Dyer's fourth assignment of error.
 VI. {¶ 45} In conclusion, we overrule Dyer's first, second, and fourth assignments of error. We sustain his third assignment of error. We remand this cause to the trial court with the instruction to award Dyer nominal damages on his trespass claim.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, and this CAUSE IS REMANDED to the trial court for further proceedings consistent with this opinion. The appellant shall pay three-fourths of the costs herein taxed, and the appellees shall pay one-fourth of the same.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Part and Dissents in Part with Opinion.
[1] Apparently, the $3,368.46 is for the vet bill ("$1,889.00), the fence ($479.46), and the attorney fees for contempt ($1,000). *Page 13