[Cite as *White v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-4208.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darrell White, | : | |
| Plaintiff-Appellant, | : | No. 12AP-927 |
| | | (Ct. of Cl. No. 2010-04696) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of | : | |
| Rehabilitation and Correction, | | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2013

*Darrell White*, pro se.

*Michael DeWine*, Attorney General, *Kristin Boggs* and *Jeanna R. Volp*, for appellee.

APPEAL from the Court of Claims of Ohio

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Darrell White, appeals from a judgment of the Court of Claims of Ohio regarding the amount of damages awarded in his favor in a negligence action against defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On February 8, 2010, appellant, an inmate at Allen Correctional Institution, sustained injuries as a result of an assault by another inmate. At the time of the assault, there was a separation order in place that prohibited appellant and the other inmate from being housed in the same correctional institution. Appellant filed a complaint on March 16, 2010 seeking damages from ODRC for negligently failing to enforce the

separation order. ODRC admitted liability and, on January 19, 2012, the issue of damages was tried before a magistrate.

{¶ 3} The magistrate's decision reflects that the following facts were adduced at trial. Appellant testified that he incurred permanent injuries to his right pinkie finger, neck, and back as a result of the assault. He also aggravated a preexisting gunshot injury to his right leg and longstanding conditions of anxiety and depression. Appellant stated he was placed in segregation while the fight was investigated by prison staff. As a result, appellant claimed he lost other civil lawsuits he had filed, because of his limited access to postal services. Appellant testified the value of those lost lawsuits were "trillions and billions" of dollars. (R. 283, at 2.)

{¶ 4} Polly Schmalz testified that she is the healthcare administrator for the Marion Correctional Institution ("MCI") where appellant is currently incarcerated. According to Schmalz, an injury to appellant's right pinkie finger was noted on the institutional transfer form completed just prior to his arrival at Allen Correctional Institution. She stated that a medical report completed shortly after the assault noted appellant's injury to his right pinkie, but no other injuries. Schmalz confirmed that appellant's medical records do not show any other physical injuries occurred as the result of the February 8, 2010 assault.

{¶ 5} Dr. Ralph Lyon, an MCI physician, testified that he has examined appellant on numerous occasions. He stated that appellant had chronic conditions relating to his neck, back, and right leg, and that he had prescribed medication for appellant to treat those conditions. Dr. Lyon indicated that while appellant could not fully straighten the tip of his right pinkie finger, it was otherwise fully functional.

{¶ 6} Finally, Dr. Richard Goeke, the MCI mental health supervisor, testified that appellant initially received mental health services in December 2009 for complaints of depression and difficulty sleeping. In January 2010, appellant was diagnosed with adjustment disorder, antisocial personality disorder, and depression due to stressors. As a result, appellant was placed on medication. Regarding the assault, Dr. Goeke testified the notes in his file indicated that appellant was "stressed" because of the assault, being shot in the leg, and his pending civil lawsuits. Dr. Goeke testified that the records show appellant was discharged from the mental health caseload in December 2011.

{¶ 7} The magistrate concluded that appellant had preexisting injuries that were aggravated as the result of the assault, and did not suffer any permanent injury as a result of the assault. The magistrate recommended that the court enter judgment in favor of appellant in the amount of $1,500. The Court of Claims of Ohio adopted the magistrate's decision that same day.

{¶ 8} Appellant submitted lengthy objections to the magistrate's decision, which primarily challenged the amount of the award for damages. Appellant did not, however, support his objections to the magistrate's factual findings with either a transcript of the proceedings before the magistrate or an affidavit of the relevant evidence. In August 2012, the Court of Claims overruled the objections and found the facts supported the magistrate's award of damages.

## II. ASSIGNMENTS OF ERROR

{¶ 9} This appeal ensued, and appellant assigns the following twelve assignments of error:[1]

> 1. THE COURT ERRED IN DENYING ALL PLAINTIFF DENIAL MOTION'S.
>
> 2. THE COURT ERRED IN DENYING ALL PLAINTIFF'S DAMAGES AND NOT ADJUDICATING ALL THE DAMAGES APART SEPARATE THAT WAS BEFORE THE COURT FOR RELIEF.
>
> 3. THE COURT ERRED IN DENYING ALL PLAINTIFF'S INJURIES AND NOT ADJUDICATING ALL THE INJURIES SEPARATE AND APART THAT WAS BEFORE THE COURT FOR RELIEF.
>
> 4. THE COURT ERROED IN IT'S UNREASONABLE CAL- CULATIONS FOR THE ACTUAL AGGRIEVED PLAINTIFF MONATARY MONEY DAMAGE'S AWARD FOR RELIEF.

---

[1] We note that appellant submitted a separate "memorandum in support of issues on appeal" at the conclusion of his appellate brief. We addressed the arguments contained within this memorandum in light of the specified assignments of error. *See D.L. Lack Corp. v. Liquor Control Comm.*, 191 Ohio App.3d 20, 2010-Ohio-6172, ¶ 19 (10th Dist.), citing App.R. 12(A)(1)(b) ("As a general matter, this court rules only on assignments of error, not mere arguments.").

5. THE COURT ERROED IN NOT ALLOWING THE SUBPOENA WITNESSE'S TO BE CROSS-EXAMINED AT TRIAL.

6. THE COURT ERROED IN NOT ALLOWING DR. LYON'S TO BE RECALLED TO WITNESS AND CLARIFY THE USE OF MEDICAL RECORD'S AND CLARIFY THE MEDICAL QUESTION'S.

7. THE COURT ERROED IN NOT CONSIDERING PLAINTIFFS EYE INJURY IN ADJUDICATION FOR JUDG-MENT AWARD FOR MONETARY JUDGMENT.

8. THE COURT ERROED IN NOT CONSIDERING DR. JOHNSON TESTIMONY AND MEDICAL REPORT THAT PLAINTIFF MENTAL DAMAGE IS ON-GOING TREAT-MENT AND CONSIDERED MONETARY COMPEN-SATORY DAMAGES AWARD FOR RELIEF OF THE INJURY.

9. THE COURT ERROED IN NOT ALLOWING OR EN-FORCING PLAINTIFF'S CONSTINUAL PROTECTED RIGHTS.

10. THE COURT ERROED IN NOT ENFORCING THE PLAINTIFF'S ASSESSED COST UPON THE DEFENDDANT THAT WAS EXPRESS OR IMPLIED TO THE COURT.

11. THE COURT ERROED IN NOT AWARDING THE $2 MILLION DOLLARS THE PLAINTIFF SUED DEFENDANT FOR WHEN HE WON AND WAS THE ACTUAL AGGRIEVED PLAINTIFF.

12. THE COURT ERROED IN NOT ALLOWING THE COURT TO BE TRANSFERED TO A FEDERAL COURT FOR THE SHAM LEGAL PROCESS IMPLICATIONS.

(*Sic. passim.*)

## III. DISCUSSION

{¶ 10} For ease of discussion, we will address appellant's assignments of error out of order.

{¶ 11} In his first assignment of error, appellant asserts the trial court erred in denying "all" of his numerous motions without specifying or clarifying any facts or reasons for doing so. In his twelfth assignment of error, appellant claims the Court of

Claims should have allowed his case to be transferred to federal court. The appellant bears the burden of affirmatively demonstrating error on appeal. Under App.R. 16(A)(7), the appellant must present contentions for each assignment of error and the reasons to support those contentions, including citations to legal authorities. *Cantrell v. Deitz*, 10th Dist. No. 12AP-357, 2013-Ohio-1204, ¶ 33. Appellant cites no legal authority in support of either of these assignments of error, and we are aware of none. He has not established reversible error under these circumstances. *State ex rel. Capretta v. Zamiska*, 135 Ohio St.3d 177, 2013-Ohio-69, ¶ 12, citing *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, ¶ 14 (court can reject argument on appeal when the appellant fails to cite any legal authority in support); *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16 (under App.R. 12(A)(2), court may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)). Therefore, appellant's first and twelfth assignments of error are overruled.

{¶ 12} We will consider appellant's fourth, fifth, sixth, seventh, eighth, and eleventh assignments of error together. Appellant challenges certain evidentiary rulings and the court's determination regarding damages. As previously mentioned, appellant failed to file either a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if the transcript was not available.

{¶ 13} If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. *Wallace v. Grafton Corr. Inst.*, 10th Dist. No. 11AP-304, 2011-Ohio-5661, ¶ 5, citing *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5, and *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 27-28. On appeal of a judgment rendered without the benefit of a transcript or affidavit, an appellate court considers only whether the trial court correctly applied the law to the magistrate's factual findings. *LULAC v. Kasich*, 10th Dist. No. 10AP-639, 2012-Ohio-947, ¶ 23, citing *Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-1006, 2008-Ohio-3166; *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 21; *Ross* at ¶ 6. Our review of the trial court's application of the law to a

magistrate's findings of fact is for an abuse of discretion. *Moore v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 05AP-53, 2005-Ohio-3939.

{¶ 14} Here, we do not believe the trial court could have analyzed any of the evidentiary rulings at issue without a transcript. *Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 15 ("Without a transcript to provide us context, we cannot review either the proffered evidence or the magistrate's rulings on the admissibility of that evidence."); *Martin* at ¶ 13 (finding a transcript was necessary to review evidence offered at a damages hearing); *United Studios of Am. v. Laman*, 5th Dist. No. 2007CA00277, 2008-Ohio-3497, ¶ 47-48 (without a transcript of a damages hearing or an affidavit of the relevant evidence, appellant could not establish error in the magistrate's findings of fact or the court's adoption of the findings and award of damages in the specified amount).

{¶ 15} Nor does the record disclose that the trial court erred in applying the law to the magistrate's factual findings for the amount of the damages award. *LULAC*; *Gill*; *Ross*. The magistrate found that appellant's injury to his right pinkie finger preexisted the attack on him by the other inmate. He further found that appellant incurred minor aggravation to his chronic leg, back, and neck injuries resulting in increased pain for a short period of time. Finally, the magistrate determined that appellant suffered mild anxiety for a short period of time following the assault. The trial court did not abuse its discretion in adopting the magistrate's decision since the magistrate's findings support the damages award. For these reasons, appellant's fourth, fifth, sixth, seventh, eighth, and eleventh assignments of error are overruled.

{¶ 16} In his second and third assignments of error, appellant raises an additional issue concerning the trial court's award of damages. He contends the trial court erred in failing to attribute a separate dollar amount for each of his claimed categories of damages and injuries; but, he cites no authority that required the trial court to separately adjudicate each of the claimed categories of damages and injuries. *Compare O'Neil v. State*, 13 Ohio App.3d 320 (10th Dist.1984). Therefore, appellant's second and third assignments of error are overruled.

{¶ 17} In his ninth assignment of error, appellant contends the trial court erred in not allowing or enforcing his constitutionally protected rights. However, constitutional

claims are not actionable in the Court of Claims. *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 9, citing *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 307 (10th Dist.1992). Instead, a plaintiff in the Court of Claims is limited to causes of action that he could pursue as if the defendant were a private party. *See Bell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-920, 2011-Ohio-6559, ¶ 22. Therefore, appellant's ninth assignment of error is overruled.

{¶ 18} In his tenth assignment of error, appellant asserts the trial court erred in not enforcing a $334,748.72 cost award that he claims was assessed against appellee. We disagree. A prevailing party is not automatically entitled to the amount of costs the party requests. It is within the discretion of the trial court to award a lesser amount. *See, e.g., Hikmet v. Turkoglu*, 10th Dist. No. 08AP-1021, 2009-Ohio-6477, ¶ 84, 109 (affirming trial court's award of attorney fees and costs in an amount less than what the prevailing parties requested). The cost bill tabulated by the trial court totaled $667.43, and appellant has not established that the trial court erred in failing to impose a higher award of costs. Appellant's tenth assignment of error is overruled.

## IV. CONCLUSION

{¶ 19} In light of the foregoing, having overruled appellant's twelve assignments of error, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

_____