[Cite as *Amyx v. Penix-Kinsler*, 2015-Ohio-3980.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Billie Amyx, | : | |
| Plaintiff-Appellant, | : | No. 14AP-1059 |
| v. | : | (C.P.C. No. 14CV-2485) |
| Dawn R. Penix-Kinsler et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 29, 2015

*Butler*, *Cincione & DiCuccio*, *Alphonse P. Cincione*, and *Chenee M. Castruita*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, Billie Amyx, appeals the December 4, 2014 judgment of the Franklin County Court of Common Pleas adopting the decision of the magistrate to award appellant $5,300.94 in damages for claims of nuisance and trespass. For the reasons that follow, we affirm the trial court judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 6, 2014, appellant filed a complaint alleging nuisance and trespass arising from appellees' failure to maintain or remove dead tree limbs which hung over appellant's property line. Service of process was obtained on appellees, but appellees did not file responsive pleadings or otherwise appear in the action. As a result, on May 20, 2014, the trial court granted appellant's motion for a default judgment and request for a damages hearing.

{¶ 3}   On July 11, 2014, a trial court magistrate conducted a hearing on damages. Appellant attended the hearing represented by counsel and presented evidence, while appellees did not attend.  The magistrate issued its decision on damages on July 24, 2014, concluding appellant was entitled to recover $5,300.94 to compensate for paint damage to appellant's three cars caused by debris from appellees' trees which fell during a 2012 storm.

{¶ 4}   The magistrate further concluded that appellant was not entitled to recover $14,700 for the cost of a carport, which the magistrate noted that appellant testified he built to protect his property from debris from his neighbors' trees but removed after the county fire department labeled it a fire hazard.  According to the magistrate, "[r]egardless of the reason [appellant] built the carport, it was an improvement to his property that added value to the property.  The only reason the carport was lost is that it was deemed a hazard by the Madison Township Fire Department.  Thus, the loss of the value of the carport was not caused by [appellees]."  (Magistrate's Decision on Damages, 3.)

{¶ 5}   As to appellant's request for an award of damages for "ongoing and continuous mental anguish," the magistrate found that "[t]here was no testimony that [appellant] experienced, or sought treatment for, mental anguish."  (Magistrate's Decision on Damages, 3.)  As such, the trial court declined to award appellant damages related to mental anguish.

{¶ 6}   On August 5, 2014, appellant filed objections to the magistrate's decision, taking issue with "the finding and conclusion of law that he is not entitled to recover the cost of the carport, $14,700.00," and "the finding that he did not experience mental anguish."  (Appellant's Objections to Magistrate's Decision on Damages, 1.)  In support of the objections, appellant attached a memorandum, but did not attach a transcript of the damages hearing.  On December 4, 2014, the trial court overruled appellant's objections and adopted the magistrate's decision as its own.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   Appellant assigns two assignments of error for our review:

> I. THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF THE PLAINTIFF WHEN IT FOUND THE VALUE OF PROPERTY BOUGHT AS A CONSE-

QUENCE OF THE DEFENDANTS' ACTIONS WAS NOT COMPENSABLE, SOLELY BECAUSE THE PROPERTY WAS REMOVED.

II. THE TRIAL COURT ERRED AS A MATTER OF FACT TO THE PREJUDICE OF THE PLAINTIFF WHEN IT FOUND THAT PLAINTIFF WAS NOT TO BE COMPENSATED FOR HIS MENTAL ANGUISH WHEN PLAINTIFF'S TESTIMONY DEMONSTRATED OTHERWISE.

## III. DISCUSSION

### A. Standard of Review

{¶ 8}   An appeal from a trial court's judgment to adopt a magistrate's decision, which the trial court rendered without the benefit of a transcript, can be reviewed by the appellate court only to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995); *Black v. Columbus Sports Network, LLC*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 15.   *See also* Civ.R. 53(D)(3)(b)(iii) (providing, in pertinent part, that objections to the magistrate's factual findings "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to [those findings]" and that "[t]he objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript").   An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### B. First Assignment of Error

{¶ 9}   In his first assignment of error, appellant contends the trial court erred in determining the carport is not compensable "solely" because the carport was removed for reasons unrelated to appellees' trespass and nuisance.  (Appellant's Brief, 4.)  Specifically, appellant seeks compensation for the injury of "the sum spent [on the carport] in an effort to protect his property."  (Appellant's Brief, 11.)  In other words, according to appellant, he is entitled to reimbursement for the carport as a preventative measure and regardless of its ultimate destruction.  For the reasons below, we disagree.

{¶ 10} A plaintiff bears the burden of "proving the nature and extent of damages whether an action sounds in tort or contract." *Countywide Home Loans, Inc. v. Huff*, 11th Dist. No. 2009-T-0044, 2010-Ohio-1164, ¶ 47. Compensatory damages are intended to "redress a plaintiff's concrete loss" and make the plaintiff whole for the wrong caused by the defendant. *State Farm v. Campbell*, 123 S.Ct. 1513, 1515-516; *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362. *See also Allstate Fire Ins. Co. v. Singler*, 14 Ohio St.2d 27, 29 (1968) ("to recover compensatory damages, it is necessary to prove that the trespass proximately caused the harm for which compensation is sought and to prove the amount of the damage"); *Banford v. Aldrich Chem. Co.*, 126 Ohio St.3d 210, 2010-Ohio-2470, ¶ 30 ("[Nuisance] must cause damages that are real, material, and substantial."). However, "the damages awarded should not place the injured party in a better position than that party would have enjoyed had the wrongful conduct not occurred." *Henderson v. Spring Run Allotment*, 99 Ohio App.3d 633, 645 (9th Dist.1994). "[I]n the absence of an injury, compensatory damages are inappropriate." *Pembaur v. Cincinnati*, 882 F.2d 1101, 1104 (6th Cir.1989).

{¶ 11} Here, contrary to appellant's assignment of error, the magistrate did not base its decision solely on the fact that the carport was removed for reasons unrelated to appellees' conduct. Prior to addressing removal of the carport, the magistrate specifies that the carport's installation is an improvement to land that added value to the real estate. As such, it is evident that the magistrate did not treat installation of the carport alone as a loss compensable as an injury.

{¶ 12} The remainder of appellant's argument presupposes a rule of law that requires a trial court to conclude that sums allegedly spent solely to protect one's property from trespass or nuisance, but which also increase the value of the property, are compensable injuries or harms. However, although he bears the burden of affirmatively demonstrating error on appeal and must adequately support an argument on appeal, appellant does not cite authority for this presumed rule. *White v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-927, 2013-Ohio-4208, ¶ 11; *Cantrell v. Deitz*, 10th Dist. No. 12AP-357, 2013-Ohio-1204, ¶ 33; App.R. 16(A)(7). As such, appellant has not established reversible error.

{¶ 13} Moreover, our independent review of the law fails to locate a rule that requires trial courts to compensate plaintiffs for improvements installed to prevent trespass and nuisance. *See Badurina v. Elsass*, 10th Dist. No. 91AP-402 (Feb. 6, 1992) (finding guardrails that plaintiff allegedly installed to protect his property from trespass to not be compensable where the guardrails were unnecessary at the time and another possible reason for installing the guardrails was not proximately caused by the defendant's trespass); *Gavcus v. Potts*, 808 F.2d 596, 598 (7th Cir.1986) (stating compensatory damages for actual injuries "are generally measured by the cost of restoring the property to its former condition or by the change in value before and after the trespass"); *Price v. Parker*, 10th Dist. No. 99AP-298 (Mar. 9, 2000) ("The award of money damages based upon a finding of nuisance is discretionary with the trier of fact."); *Rini v. Dyer*, 4th Dist. No. 07CA3180, 2008-Ohio-4172, ¶ 33, quoting 88 Ohio Jur.3d Trespass § 19 (" 'There is no certain rule for ascertaining the damages by trespass upon real property or person.' ").

{¶ 14} Further, as previously indicated, a transcript of the damages hearing does not appear with appellant's objections to the magistrate's decision and is otherwise not provided in the record on appeal.[1]  Without a transcript of the damages hearing, we cannot ascertain facts showing the trial court should have exercised its discretion to compensate appellant for the cost of the carport under the facts of this case.

{¶ 15} Finally, appellant's argument that the magistrate's decision contradicts itself by allowing damages that "created a value in the repaired vehicles" but disallowed damages for a value added to real estate disregards the difference between a repair, which restores the property to its pre-trespass value, and an improvement, which increases the value of the property past its pre-trespass value.  Because there is a distinction between the two concepts, the magistrate's decision is not contradictory.

{¶ 16} Under these circumstances, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in adopting the magistrate's application of the law to its findings of fact.  Therefore, the trial court did not abuse its discretion, and appellant has not otherwise established reversible error.

---

[1] Even if a transcript had been provided in the record, we would have been precluded from considering it since a transcript was not filed with the objections to the magistrate's decision. *Duncan* at 730.

{¶ 17} Accordingly, appellant's first assignment of error is overruled.

## C. Second Assignment of Error

{¶ 18} Defendant's second assignment of error asserts that evidence presented at the damages hearing sufficiently demonstrates that appellant suffered mental anguish as a result of appellees' nuisance and trespass. In doing so, appellant relies on testimony at the damages hearing and presents evidence outside of the magistrate's findings to conclude that he is entitled to compensation for mental anguish.

{¶ 19} In the absence of a transcript of the damages hearing, we are unable to determine whether appellant's assignment of error has merit. *Gupta v. Edgecombe*, 10th Dist. No. 05AP-34, 2005-Ohio-6890, ¶ 10, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) (" 'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' "); *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Additionally, the magistrate found that appellant presented no evidence of mental anguish during the damages hearing, and, without a transcript of affidavit, we must accept the magistrate's findings of fact as true. *White* at ¶ 13.

{¶ 20} Accordingly, appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____