JUNE TERM, 1868. 365

Murphy vs. The City of Fond du Lac.

## MURPHY vs. THE CITY OF FOND DU LAC.

*Trespass : Measure of Damages — Evidence.*

1. For a trespass in putting dirt upon plaintiff's lot, he is entitled to *nominal* damages, although the lot was benefited and not injured thereby; but he is *not* entitled to damages "equal to the cost of removing the dirt."
2. The question whether the dirt, in such a case, is a benefit or an injury, must be determined by the jury with reference to the use for which the plaintiff designed the lot, if that is shown.
3. It was error, in such a case, to refuse evidence for defendant tending to show that the filling of the lot increased its frontage, though not connected with any offer to prove that such increase was a benefit.
4. The jury would be at liberty to apply their general knowledge to the determination of the question whether an increase of frontage adds to the value of a lot.

APPEAL from the Circuit Court for *Fond du Lac* County. Trespass *quare clausum*. The questions here arose upon the instructions of the court, and its rulings as to evidence, which will sufficiently appear from the opinion. Verdict and judgment for the plaintiff; and the defendant appealed.

Murphy vs. The City of Fond du Lac.

*N. C. Giffin*, for appellant.
*E. S. Bragg*, for respondent.

PAINE, J. The instruction that although placing the dirt on the plaintiff's lot may have improved its value, she would be entitled "to recover as damages what it would cost to remove the same," was erroneous. The fact that a trespass may have benefited the property invaded cannot constitute a complete defense. The party is always entitled to nominal damages, for the vindication and protection of his right. But beyond this, except in cases where exemplary damages may be given, he is confined to his actual damages. And this being so, the incorrectness of this instruction is apparent. It assumes that the jury might be satisfied from the evidence that the placing of the dirt on the lot was really a benefit to it, and increased its value, yet be required to give the plaintiff as damages what it would cost to remove it. Suppose a trespasser fills up a water lot, which, without being filled, is useless. Could the owner recover the cost of removing the dirt, as damages for the trespass, and at the same time leave it on the lot and enjoy the benefit of it? Suppose the trespasser should grade a lot which was previously inaccessible, and greatly increase its value by the grading. Could the owner take the advantage, and yet recover the cost of replacing the dirt in its former position? These illustrations seem sufficient to show that the rule given to the jury cannot be the proper rule of damages.

Undoubtedly the plaintiff would have been entitled to an instruction that, in determining whether the lot was benefited or not, the jury should consider the uses and purposes to which she intended to devote it. But, in the absence of any thing to the contrary, it is to be presumed that they were properly instructed on this point, and gave to those circumstances proper consideration. And although, after doing so, they should come to the conclusion that the act complained of really caused

no damage whatever, but on the contrary was a benefit to the plaintiff, they were required to give her arbitrarily as damages what it would cost her to remove the dirt.

I think, also, that the evidence as to whether the change made did not give the plaintiff's lot more frontage on the street, was improperly excluded. The plaintiff's counsel suggests that the defendant did not offer in this connection to show that such increased frontage was any advantage. But, if such was the actual effect upon the lot, the defendant had a right to show the fact. The jury would have had the right to apply their general knowledge to the facts, and to have determined whether an increase of frontage was an advantage or not, without any direct expression of opinion, on the part of witnesses, upon the subject.

*By the Court.* — The judgment is reversed, and the cause remanded for a new trial. -