PEARL, APPELLANT, *v.* PIC WALSH FREIGHT CO., APPELLEE.

(No. 8742—Decided May 2, 1960.)

*Messrs. Schear & Klein,* for appellant.
*Messrs. Steer, Strauss & Adair* and *Mr. Charles H. Tobias, Jr.,* for appellee.

O'CONNELL, J. The plaintiff owns in fee simple premises located at the northeast corner of Second and Plum Streets, Cincinnati, Ohio. The defendant, a Missouri corporation, is qualified to do business and does business in the state of Ohio as a foreign corporation. The defendant, a freight handler, operates large trucks and trailers. Since 1950, it has kept trucks and trailers on part of the plaintiff's premises without the permission of, and contrary to the demands of the plaintiff.

Plaintiff, in his petition, for his first cause of action asked for a temporary and permanent restraining order to enjoin the defendant from trespassing upon the property of the plaintiff. For his second cause of action, the plaintiff alleged that he was damaged in the amount of $10,200 through the unlawful use of his property by the defendant. For his third cause of action, the plaintiff alleged that the defendant, through its occupancy of the said premises, was unjustly enriched at the plaintiff's expense in the sum of $10,200. The plaintiff therefore asked for damages of $10,200.

The trial court granted the temporary restraining order. Thereafter, a demurrer to the second and third causes of action was filed. This demurrer was granted. It was from the granting of this demurrer that this appeal was taken.

The defendant in this case was obviously a trespasser. Our problem, therefore, is to determine under what circumstances a trespasser is liable for damages and whether such circumstances are set out in the petition of the plaintiff. It might be mentioned in the beginning that Section 2305.09, Revised Code, provides that an action for trespassing upon real property must be brought within four years after the cause thereof accrued, and that, therefore, any damages that had occurred before such four years would not be recoverable.

Now, "trespass upon real estate connotes some physical invasion of, or unlawful entry upon, real property whereby the damages ensuing are direct and not consequential, the essential idea being the breaking of a close by force." (39 Ohio Jurisprudence, 458, Section 2.) And in 52 American Jurisprudence, 839, Section 6, another necessary element in trespass is thus described: "Trespass lies whenever an injury to the plaintiff is the immediate result of force originally applied by the defendant." Also (from 87 Corpus Juris Secundum, 965, Section 13), "Every unauthorized entry is a trespass, regardless of the degree of force used, even if no damage is done, or the injury is slight, and gives rise to a cause of action for nominal damages at least."

Likewise, in order to maintain an action in trespass, the plaintiff must have actual or constructive (virtual) possession of the premises. "Possession [actual] may be shown by acts of ownership and dominion." (87 Corpus Juris Secundum, 973, Section 22.) And, "every entry thereon [on the land] by another, without a license or other authorization, is unlawful and constitutes a trespass." (39 Ohio Jurisprudence, 464, Section 9.)

In 39 Ohio Jurisprudence, 489, Section 44, the following appears: "It has been said that there is no certain rule for ascertaining the damages by trespass upon real property or upon the person. However, the law conclusively presumes damages in every case of trespass. Hence, the plaintiff in an action of trespass is always entitled to some damages, if trespass be shown, even though they may be merely nominal." This principle was laid down in 1860 in *Attwood & Walker* v. *Fricot*, 17 Cal., 38; paragraph eight of the syllabus is as follows: "In

suit for damages for an entry on mining claims and for perpetual injunction, etc.: *Held,* that it was error for the court below to charge the jury that if they believed no injury or damage was done by defendants to plaintiffs, they would find for defendants; that such charge was calculated to mislead, inasmuch as the law presumes damages from a trespass, and under the charge, tho jury might have decided the case upon want of proof of plaintiff's damages, instead of absence of proof of their title."

Likewise, in *Whittaker* v. *Stangvick,* 100 Minn., 386, 111 N. W., 295, 117 Am. St. Rep., 703, 10 L. R. A. (N. S.), 921, the extent of the damages is not decisive. Paragraph two of the syllabus states that: "To constitute trespass upon land, neither the extent of the damage nor the form of the instrumentality by which the close is broken is material."

And in *Baltimore & Ohio Rd. Co.* v. *Boyd,* 67 Md., 32, 10 A., 315, 1 Am. St. Rep., 362, the first paragraph of the syllabus reiterates the same principle as follows: "In an action of trespass *quare clausum fregit,* it is not necessary in order to entitle the plaintiff to a verdict that he should have given, affirmative proof that he had sustained any particular amount of damages. Every unauthorized entry upon the land of another is a trespass; and whether the owner suffer substantial injury or not, he at least sustains a legal injury which entitles him to a verdict for some damages; although they may, under some circumstances, be so small as to be merely nominal."

See, also, *Mosseller* v. *Deaver,* 106 N. C., 494, 11 S. E., 529, 19 Am. St. Rep., 540, 8 L. R. A., 537; *Schumpert* v. *Moore,* 24 Tenn. App., 695; *Diana Shooting Club* v. *Lamoreux,* 114 Wis., 44, 89 N. W., 880, 91 Am. St. Rep., 898; *Martel* v. *Hall Oil Co.,* 36 Wyo., 166, 253 P., 862, 52 A. L. R., 91; *Brame* v. *Clark,* 148 N. C., 364, 62 S. E., 418, 19 L. R. A. (N. S.), 1033, 17 Ann. Cas., 73.

Now it is maintained by the defendant in his memorandum (in the trial court) for sustaining the demurrer as to the second cause of action that "the principle upon which the demurrer was sustained applies equally to the objected-to causes of the second amended petition. Since the first cause of action alleges a trespass, plaintiff is limited in his recovery of damages to

those damages done *to the premises.* He would have to allege that defendant's use somehow or other damaged the premises themselves. Since the premises are a vacant lot, plaintiff realizes he will have difficulty in this regard."

In other words, according to the defendant, since the plaintiff alleged that the damages were to him (the plaintiff), rather than to the property, the demurrer should be sustained. This is a fine distinction indeed. But depriving one of the use of his premises constitutes damages to the premises as well as to the person.

Therefore, even if it were necessary that damages to the premises only must result from trespass, it is our opinion that these damages have been set forth. And that when the plaintiff in the second paragraph of his second cause of action (second amended petition) said "that during times hereinbefore mentioned, he was entitled to the quiet and peaceful possession, enjoyment, and use of all of the said property, but that the defendant deprived him thereof and that by reason of such deprivation he was damaged in the amount of $10,200," he was alleging that not only he, but the premises also, had been damaged.

Now in trespass cases, "* * * the law infers some damage, without proof of actual injury; hence, in an action of trespass the plaintiff is always entitled to at least nominal damages, even though he was actually benefited by the act of the defendant." (52 American Jurisprudence, 872, Section 47.) (*Murphy* v. *City of Fond du Lac*, 23 Wis., 365, 99 Am. Dec., 181.) Therefore, once the plaintiff in this case had alleged a trespass, it became quite unnecessary to say further that the premises had been damaged. And so the plaintiff's second cause of action may be regarded as mere surplusage.

52 American Jurisprudence, 874, Section 49, should set the matter at rest with these words: "What will constitute an appropriate compensation is dependent, of course, upon whether the claimant's tenure is such as to entitle him to recover for a permanent injury to the property or merely to an *injury to his use and enjoyment of it* * * *." (Emphasis ours.) These emphasized words certainly indicate that the damages can be to the person for his being deprived of the use of his premises, and

that it is not necessary to show a damage to the premises themselves.

And "* * * the measure of damages for wrongfully depriving the plaintiff of the use of his property is the rental value or the reasonable rental value of the use of the property during the time he is deprived thereof." (52 American Jurisprudence, 874, Section 49.) All of which hardly substantiates the view of the appellee that damages to the real property must be shown in trespass.

Also, from 52 American Jurisprudence, 475, Section 49, there is the following: "* * * when the defendant has beneficially occupied the property, he may be held liable for its fair rental value, even though the plaintiff was not hindered or obstructed in any use which he expected to make of the property."

Therefore, the plaintiff is entitled to damages of some kind for the trespass committed against his property.

The sustaining of the demurrer, in so far as it applies to plaintiff's second cause of action, is hereby reversed, and the cause is remanded to the Court of Common Pleas of Hamilton County for further proceedings according to law.

*Judgment accordingly.*

MATTHEWS, P. J., and LONG, J., concur.