[Cite as *Novy v. Ferrera*, 2014-Ohio-1776.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| DR. EUGENE NOVY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-P-0063** |
| JOSEPH FERRARA, JR., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2009 CV 01654.

Judgment: Affirmed in part, reversed in part, and remanded.

*Diane A. Calta* and *Joseph W. Diemert, Jr.,* Joseph W. Diemert, Jr. & Associates Co., L.P.A., 1360 S.O.M. Center Road, Cleveland, OH 44124 (For Plaintiffs-Appellants).

*Harry A. Tipping, Harold M. Schwarz, III* and *Christopher A. Tipping,* Stark & Knoll Co., L.P.A.*,* 3475 Ridgewood Road, Akron, OH 44333 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Anne and Dr. Eugene Novy, appeal from the judgments of the Portage County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Joseph and Victoria Ferrara, on the Novys' claim for Intentional Interference with the Flow of Water, denying the admission of certain evidence, and following a trial, entering judgment in favor of the Ferraras on the Novys' remaining claims. The issues to be determined in this case are whether the trial court

erred by dismissing a claim for interference with surface water, whether it is error to fail to award nominal damages in a trespass action, whether a permanent injunction is proper when the grounds for such injunction are unclear, and whether the trial court errs in excluding testimony of a witness who is undisclosed and a witness who did not prepare the report to which he was testifying. For the following reasons, we affirm in part, reverse in part, and remand the decision of the lower court.

{¶2} On October 28, 2009, the Novys filed a Complaint against their neighbors, the Ferraras. The Novys owned a property located at 8574 Peck Road, Ravenna, Ohio. This property's eastern border adjoined the Ferraras' property, located at 5241 Gray Road. Pursuant to the Complaint, the Ferraras caused a mound of dirt to be constructed abutting the Novys' property, which "serves as a dam to the natural flow of water," causing water drainage problems on their property. Count One raised a claim for Trespass, asserting that parts of the mound encroached upon the Novys' property and the Ferraras caused excavating equipment to enter the property. Count Two raised a claim for Nuisance, asserting that the mound prevented the drainage of water, causing the Novys' property to regularly flood. Count Three raised a claim for Intentional Interference with the Flow of Water, again arguing that the mound blocked the natural flow of water, causing damage to the Novys' property.

{¶3} The Novys requested damages, a judgment ordering the Ferraras to alter the grade of their property, and preliminary and permanent injunctions.

{¶4} On the same date, the Novys filed a Motion for Preliminary Injunction, requesting that the Ferraras be enjoined from "continuing to add to, and/or continu[ing]

2

construction of, the mound of debris currently encroaching upon and trespassing onto Plaintiffs' property."

{¶5} The Ferraras filed an Amended Answer on December 28, 2009.

{¶6} The Novys filed a Motion for Summary Judgment on all three claims on February 14, 2011.

{¶7} The Ferraras filed a Brief in Opposition to Summary Judgment on March 11, 2011. They argued, inter alia, that the claim for Intentional Interference with the Flow of Water failed because no such claim exists. On the same date, they filed a Motion to Dismiss or Alternatively, Motion for Summary Judgment, raising the same argument. The Novys filed a Memorandum in Support of their Motion for Summary Judgment and Memorandum in Opposition to Defendants' Motion to Dismiss on April 5, 2011. Regarding the interference with water issue, they argued that they had established the elements of common-law negligence, and the requirements for liability for interference with surface water.

{¶8} On April 18, 2011, the trial court issued a Judgment Entry converting the Motion to Dismiss into a Motion for Summary Judgment.

{¶9} On March 12, 2012, a Magistrate's Decision was filed, denying the request for a preliminary injunction, finding that there was no evidence of irreparable injury. A Judgment Entry overruling objections and adopting the Decision was subsequently issued by the trial court.

{¶10} On April 30, 2012, the trial court issued an Order and Journal Entry, granting the Ferraras' Motion for Summary Judgment as to the claim for Intentional Interference with the Flow of Water, holding that "[n]either common law nor Ohio

3

statutory law recognizes such a cause of action." The Motions for Summary Judgment as to the remaining claims were overruled.

{¶11} On July 27, 2012, the Novys filed a Motion to Request Court Authorized On-Site Soil Evaluation, opposed by the Ferraras, asking that they be permitted to obtain samples of the fill material constituting the mound on the Ferraras' property. This request was denied in a Magistrate's Order, which was adopted by an Order of the trial court, noting that the composition of the mound was not at issue and that no Civ.R. 34(A)(3) request was served on the Ferraras.

{¶12} A jury trial was held in this matter on April 17-24, 2013. The following pertinent testimony and evidence were presented.

{¶13} The Novys own a horse farm located on Peck Road, purchased in 1990, which is approximately 95 acres. The property includes several structures, as well as fenced-in horse pastures. Eugene Novy testified that, when preparing these pastures, it was necessary to even and grade the ground and add fences.

{¶14} In the early part of 1998, Eugene had concerns about changes that were occurring on the portion of the Ferraras' property adjoining the Novys'. Eugene noticed that Joseph Ferrara had added a pile of dirt in that area, which he believed affected water flow. Joseph subsequently added a pipe in the dirt mound, which was on the Novys' property by a few inches. In 1999, the pipe became "crushed," but was subsequently fixed.

{¶15} In the following years, the Novys contacted various local agencies to express their concerns about the dirt mound. Eugene testified that the drainage concerns continued throughout the years. In February of 2008, Eugene contacted the

4

Portage County Soil and Water Conservation District, due to an ongoing flooding problem that took place over a period of months. James Bierlair of Soil and Water subsequently contacted the Ferraras regarding this problem. A letter was sent on April 24, 2008, from Bierlair to Joseph, informing him that it "appears that a culvert/crossover has plugged or smashed." Joseph fixed this condition in the beginning of May of 2008, but flooding still remains a concern.

{¶16} Eugene testified that some boulders on the Ferraras' property were also encroaching onto his land, by less than a foot. He believed the boulders may also be blocking the natural drainage of the water. Eugene testified that he believed these issues caused a decrease in the value of his property.

{¶17} Anne Novy, Eugene's wife, and their daughter, Cheryl, both testified about the water pooling that was occurring on the property and noted that it was causing erosion and potentially impacting the fence and pasture nearest the property line.

{¶18} Daniel Ballentine testified regarding excavation work that he did on both the Ferraras' and the Novys' properties. He performed work on the Ferraras' property, moving fill near their property line around 1998. Ballentine began conducting work on the Novys' property in 1998, much of it occurring in the area close to the property line. He removed trees, leveled the area near the boundary, flattened out a "knoll," dug trenches, and installed a pipe to divert a spring.

{¶19} Joseph Gregory, a certified arborist, assessed trees on the Novys' property and determined that the poor condition of several trees may have been caused by root damage from the soil and boulders in the area of the boundary line.

5

{¶20} Steven Hovanscek, an engineer and surveyor, reviewed various documents in this matter, including surveys and maps, and visited the site several times. He relied on a survey that had been prepared by another surveyor. He noted that the Ferraras' pipe and boulders encroached on the Novys' property by less than a foot. He testified that the mound on the Ferraras' property was causing surface water to run back onto the Novy property.

{¶21} Hovanscek prepared a report with suggestions to fix the problem, including removing the fill from the Ferraras' property. He noted that he had not come up with the cost estimate to remove the fill and this was done by Tom Cappello, the Vice President of Hovanscek and Associates. The court determined that Hovanscek could not testify to this since he did not prepare the estimate and was not qualified to give an estimate on such a project.

{¶22} Joseph Ferrara testified that he purchased the property at Gray Road, where his current residence is, in 1991. In 1998, he began to use dirt to fill the area adjacent to the Novys' property, leveling an area of "rough terrain." He continued work on this project over a period of years. He did not believe that this work had any impact on the way the water flowed in this area and had no intention of diverting the surface water to the Novys' property.

{¶23} Ferrara noted that he had changed the elevation of his property by approximately 3 to 4 feet in the area that was filled, which was approximately 200 by 100 feet, and built a rock retaining wall in the same area. He added the pipe on his property through the mound on the recommendation of the Soil and Water Conservation

District to help the water travel. He believed that construction by the Novys caused the flooding problem.

{¶24} Ferrara admitted that in 2008, the pipe became plugged and the water flow stopped, but that he fixed this problem once he was made aware that it had occurred.

{¶25} Dustin Keeney, a civil engineer, explained that grade changes on the Novys' property could have altered the drainage patterns. He explained that the construction of Ferraras' mound did not alter the flow of the surface water.

{¶26} During the trial, the court dismissed Victoria Ferrara as a party, since she was not involved in making the changes on the Ferraras' property.

{¶27} On the Trespass claim, the jury found that the Ferraras did enter upon the Novys' land without permission, but that no damage was caused by this trespass. The jury also found that no nominal damages were caused by the trespass. Regarding the Nuisance claim, the jury found that the defendant did not create "a nuisance by unreasonably interfering with the flow of surface water on and around the * * * property line."

{¶28} A Magistrate Entry of Judgment on Jury Verdict was filed on April 25, 2013.

{¶29} On May 8, 2013, the Novys filed a Motion for Permanent Injunction, Judgment Notwithstanding the Verdict, or New Trial.

{¶30} The trial court issued an Order and Journal Entry on June 18, 2013, denying the Motion. The court found that the Novys failed to establish any of the factors necessary for an injunction.

7

{¶31} The Novys timely appeal and raise the following assignments of error:

{¶32} "[1.] The trial court erred as a matter of law when it granted Defendants' motion for summary judgment on Plaintiffs' claim for intentional interference with the flow of water and dismissed Plaintiffs' cause of action based upon its finding that neither Ohio common law nor Ohio statutory law recognizes such a cause of action.

{¶33} "[2.] The jury verdict finding against the Appellants and for the Defendant on their claim for trespass was against the manifest weight of the evidence.

{¶34} "[3.] The trial court abused its discretion when it failed to enter a permanent injunction order based upon the evidence and testimony elicited at trial, the jury determination that the Defendant trespassed on Appellants' property, the showing of irreparable injury and the existence of no adequate remedy at law.

{¶35} "[4.] The trial court abused its discretion when it failed to allow Stephen Hovanscek to testify as to the cost estimate to restore the property to its original and natural drainage condition when Mr. Hovanscek was qualified as an expert to render such opinion, when it failed to allow Mr. Cappello to testify as to the data he compiled and when it failed to allow Appellants to conduct soil borings of the mound."

{¶36} In their first assignment of error, the Novys argue that the trial court erred by dismissing their claim for Intentional Interference with the Flow of Water, based on its holding that no such claim of action is permissible under the law.

{¶37} The Ferraras argue that no cause of action for such a claim exists under statutory or common law.

{¶38} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated,

8

(2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶39} Pursuant to *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St.2d 55, 402 N.E.2d 1196 (1980), a landowner may be held liable when "his harmful interference with the flow of surface water is unreasonable." (Citation omitted.) *Id.* at 60. Courts have noted that surface water disputes are, "[u]nder a rule of reasonableness, determined on a case-by-case basis, [and] the essence of liability is measured by principles of common-law negligence." *Hughes v. Mill Creek Properties, Ltd.*, 11th Dist. Trumbull No. 2005-T-0151, 2006-Ohio-7008, ¶ 21, citing *Ogle v. Kelly*, 90 Ohio App.3d 392, 396, 629 N.E.2d 495 (1st Dist.1993). "Under the reasonable-use rule, * * * the defendant's liability for interference with surface water flow is controlled by principles of common law negligence, regardless of whether the plaintiff's cause of action sounds in nuisance or trespass." *Franklin Cty. Dist. Bd. of Health v. Paxson*, 152 Ohio App.3d 193, 2003-Ohio-1331, 787 N.E.2d 59, ¶ 30 (10th Dist.). Thus, it appears

9

that some courts evaluate claims for interference with surface water as negligence claims.

**{¶40}** Several cases from this court refer to claims for "Interference with Surface Water" being raised, although they do not evaluate the issue of whether such claims are existing causes of action under the law, since the parties did not raise this issue. *See Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2011-G-3019, 2012-Ohio-3015; *Duncan v. Clapp*, 11th Dist. Portage No. 2011-P-0060, 2012-Ohio-5595.

**{¶41}** Regardless, in the present case, although the Novys were not permitted to maintain their separate action for Intentional Interference with the Flow of Water, the court, under their Nuisance claim, instructed the jury regarding both the reasonable use rule and the principles of negligence. The Novys do not dispute the validity of this instruction. Although the claim sounded in Nuisance, the jury was able to apply the pertinent and appropriate standard for evaluating surface water disputes. Thus, the Novys were not prevented from pursuing their claim for the surface water dispute. Further, the Novys' claims for Intentional Interference and Nuisance were essentially identical, since both alleged that the mound stopped the drainage of water, resulting in stagnant water and flooding, and we cannot find that it was error to allow them to proceed only on the Nuisance claim. *Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486, 495-496, 575 N.E.2d 428 (1991) (where the appellees raise separate types of claims for relief, but the allegations within the claims are essentially duplicative, dismissal of one claim is proper).

**{¶42}** The first assignment of error is without merit.

{¶43} In their second assignment of error, the Novys argue that the jury's verdict on the claim of Trespass was against the manifest weight of the evidence, since the jury should have found that nominal damages were incurred and/or the court should have assessed such damages.

{¶44} The Ferraras argue that the case law does not support a holding that nominal damages are required when a trespass is found by a jury.

{¶45} When reviewing the weight of the evidence, the reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Citation omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

{¶46} In the present matter, although the jury found that the Ferraras did enter upon the Novys' land without permission, it specifically determined that no nominal damages were caused by the trespass. It also awarded no actual or punitive damages.

{¶47} Contrary to the Ferraras' contention, various appellate courts, including this district, have found that "in an action for trespass, if trespass is shown, the plaintiff is always entitled to some damages, even though they may be nominal." (Citation omitted.) *Rini v. Dyer*, 4th Dist. Scioto No. 07CA3180, 2008-Ohio-4172, ¶ 33, citing *Pearl v. Pic Walsh Freight Co.*, 112 Ohio App. 11, 13, 168 N.E.2d 571 (1st Dist.1960); *W. Channel Yacht Club v. Turner*, 11th Dist. Lake No. 98-L-156, 1999 Ohio App. LEXIS 5757, 10-11 (Dec. 3, 1999) ("[i]t is well-settled Ohio law that once a party proves that he has been trespassed against that party has a right to nominal damages * * * even if an

11

individual actually benefited by the act of the trespasser") (citation omitted); *Misseldine v. Corporate Investigative Servs., Inc.*, 8th Dist. Cuyahoga No. 81771, 2003-Ohio-2740, ¶ 31 ("a showing of trespass entitles a plaintiff to at least nominal damages"). Since the jury in this case found that trespass did occur, nominal damages should have been awarded.

**{¶48}** The Novys argue that, if the jury had properly awarded nominal damages, it also would have considered awarding punitive damages and attorney fees. However, since the jury failed to determine that even nominal damages were necessary to remedy the trespass, it appears that it had no intent to award any other damages. The jury was instructed as to punitive damages and chose to give no award, a determination which we need not second-guess. Furthermore, it has been noted that "[n]ominal damages * * * are not the actual damages that are a prerequisite to an award of punitive damages." *Caserta v. Connolly*, 6th Dist. Ottawa No. OT-03-004, 2004-Ohio-6001, ¶ 14, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 82, 461 N.E.2d 1273 (1984); *Utz v. Stovall*, 11th Dist. Portage No. 2012-P-0135, 2013-Ohio-4299, ¶ 62 ("[p]unitive damages may not be awarded when a jury fails to award compensatory damages").

**{¶49}** Based on the foregoing, and since it was an error as a matter of law to fail to award nominal damages, we remand for the trial court to issue a judgment ordering nominal damages.

**{¶50}** The second assignment of error is with merit, to the extent discussed above.

**{¶51}** In their third assignment of error, the Novys argue that the trial court abused its discretion when it failed to enter a permanent injunction, based on the

12

evidence presented at trial and the jury's determination that Joseph Ferrara trespassed on the Novys' property.

**{¶52}** The Ferraras argue that the Novys failed to prove the elements necessary for a permanent injunction, including that they suffered an irreparable injury.

**{¶53}** The decision "whether to grant or deny an injunction is a matter solely within the discretion of the trial court and a reviewing court should not disturb the judgment of the trial court in the absence of a clear abuse of discretion." *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 653 N.E.2d 646 (1995), paragraph three of the syllabus; *Bd. of Suffield Twp. Trustees v. Rufener*, 11th Dist. Portage No. 2010-P-0061, 2011-Ohio-3294, ¶ 28.

**{¶54}** In determining whether to grant an injunction, a court must look at the "character of the case, the particular facts involved, and factors relating to public policy and convenience." *Cementech, Inc. v. Fairlawn*, 109 Ohio St.3d 475, 2006-Ohio-2991, 849 N.E.2d 24, ¶ 10; *Orrenmaa v. CTI Audio, Inc.*, 11th Dist. Ashtabula No. 2007-A-0088, 2008-Ohio-4299, ¶ 95 ("[a]n injunction is an extraordinary equitable remedy which is particularly dependent on the specific facts and circumstances of a given case") (citation omitted).

**{¶55}** "To be entitled to a preliminary injunction, the moving party must establish, by clear and convincing evidence, that (1) there is a substantial likelihood of ultimately prevailing on the merits, (2) irreparable injury will occur if the injunction is not granted, (3) the rights of third parties will not be harmed if the injunction is granted, and (4) the injunction will serve the public interest." (Citation omitted.) *Arndt v. P & M Ltd.*, 11th Dist. Portage Nos. 2007-P-0038 and 2007-P-0039, 2008-Ohio-2316, ¶ 64. "The

13

requirements for a permanent injunction are essentially the same as those for a preliminary injunction, 'except instead of the plaintiff proving a "substantial likelihood" of prevailing on the merits, the plaintiff must prove that he *has* prevailed on the merits.'" (Citation omitted.) (Emphasis sic.) *Id.* at ¶ 65.

{¶56} Following the trial in this matter, the Novys moved for an injunction "based upon the finding of trespass resulting from the encroaching soil, mound, rocks, and water," and requested an order for the "encroachment" to be removed.

{¶57} The court concluded that the Novys failed to meet the elements necessary to prevail on a claim for a permanent injunction. Although the jury did find that a trespass occurred, several different issues were raised by the Novys in their Complaint for Trespass, including that the mound, as well as other items including boulders, were encroaching upon their property, and that the Ferraras brought excavating equipment on their land. The jury was also instructed regarding the flow of water under the Trespass claim instruction. It is not clear from the jury's verdict whether it believed there is an ongoing trespass that must be remedied through an injunction or whether it found that the trespass was related to some limited entry onto the property or flooding that occurred when the pipe was clogged. The jury found no damages were caused to the Novys through any of the Ferraras' actions, which appears to support a conclusion that they did not believe there was an ongoing problem that would justify the trial court finding that a permanent injunction was necessary and that irreparable injury exists.

{¶58} Further, it appears from the Novys' Motion that they are requesting removal of the entire mound, as they noted that both the mound and water were part of the "encroachment" that they want removed. However, under the nuisance claim, which

14

was based entirely upon the existence of the mound and its impact upon the flow of water, the jury found in the Ferraras' favor.  Thus, removal of the mound would not be warranted under the facts presented or the jury's verdict.

**{¶59}** The remaining injunction factors also do not appear to have been met, since evidence was not presented that the injunction would serve the public interest.  It is questionable whether there was any evidence that the injunction would not hurt a third party, given that Victoria Ferrara was dismissed from the case and any removal of fill from the property would presumably harm her right to utilize her property.  Based on the foregoing, we cannot find that the trial court's decision to deny the request for a permanent injunction rises to the level of an abuse of discretion.

**{¶60}** The third assignment of error is without merit.

**{¶61}** In their fourth assignment of error, the Novys raise several issues related to the trial court's rulings on the admission of certain evidence and testimony.

**{¶62}** Both the admission of evidence and the determination regarding the admission of expert witness testimony lie within the sound discretion of the trial court. *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299, 587 N.E.2d 290 (1992); *Rilley v. Twp. of Brimfield*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶ 56.  Discovery matters are also reviewed under an abuse of discretion standard.  *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996).

**{¶63}** The Novys first argue that the trial court erred by failing to allow Hovanscek to testify about the estimate to perform work to remove the Ferraras' mound.

15

{¶64} Pursuant to Evid.R. 703, "facts or data upon which an expert bases an opinion must be those perceived by him or admitted in evidence at the hearing." *State v. Jones*, 9 Ohio St.3d 123, 125, 459 N.E.2d 526 (1984).

{¶65} In the present case, Hovanscek was permitted to testify as an expert regarding his determination of the cause of the flooding to the Novys' property and remedies to this problem. He prepared a report addressing this issue. However, he was not permitted to testify regarding a cost estimate to fix the flooding problem. During his testimony, he stated that he did not prepare the estimate and that another member of Hovanscek and Associates did this at his direction. That individual, Tom Cappello, prepared drawings regarding "earth work quantities," used a computer to determine the cubic yards of work needed, and determined the costs of removing and transporting the dirt. Cappello was also the one to do the pricing work. Hovanscek stated that he has "been retired since '04 so, therefore, it would be more practical to have someone that's actively in it come up with those numbers." Hovanscek did review the estimate when it was finished. The court held that the cost estimate could not be admitted and stated that Hovanscek "isn't qualified to give any more information on that or give an estimate for that matter."

{¶66} Based on the foregoing facts, and Hovanscek's apparent limited involvement and knowledge of the figures and measurements in the estimate, we cannot find that the trial court abused its discretion in disallowing this testimony. Hovanscek admitted he does not generally do these types of estimates anymore and that he did not do the work to determine the price. His familiarity with the property for

the purposes of determining the cause of the flooding does not translate into familiarity with the necessary facts to determine the cost of performing the work in question.

{¶67} The Novys also argue that the trial court erred by not allowing Cappello, the individual who prepared the cost estimate of removing the mound from the Ferraras' property, to testify. The court's ruling on this issue was based on its finding that Cappello was not disclosed on the witness list or in any other way to the Ferraras. A review of the record reveals that this was the case.

{¶68} "Excluding testimony of an undisclosed witness is not an abuse of discretion when the nondisclosure caused unfair surprise and prejudice to the opposing party." *Bernard v. Bernard*, 7th Dist. Columbiana No. 00 CO 25, 2002 Ohio App. LEXIS 499, 9 (Jan. 30, 2002), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 85, 482 N.E.2d 1248 (1985). Factors that have been used to determine whether the admission of testimony of an undisclosed witness is a surprise and is prejudicial include the complexity of the subject matter, whether the party seeking exclusion of the testimony has had the ability to interview the witness, the knowledge the moving party has of the witness' testimony, and whether the testimony is cumulative. *Earley v. Earley*, 12th Dist. Clinton No. CA2012-01-001, 2012-Ohio-4772, ¶ 38.

{¶69} The Novys argue that since the cost estimate Cappello prepared was disclosed as part of Hovanscek's report, the Ferraras were not unfairly surprised. However, the failure to disclose Cappello as a witness prevented the Ferraras from researching his qualifications, performing a deposition, or preparing questions. The Ferraras were not even informed that the witness would testify until he appeared in court, after the trial had already commenced. Further, the subject matter of Cappello's

17

proposed testimony was not cumulative of that of disclosed witnesses, since no testimony was admitted regarding the estimate of the cost of changes to the mound. Based on these facts, we cannot find that the trial court abused its discretion in disallowing Cappello to testify.

{¶70} Finally, the Novys take issue with the trial court's denial of their Motion to Request Court Authorized On-Site Soil Evaluation. Given the facts of the present case, and that the claims were based on the existence of the soil as a cause of change in the flow of water, there was no issue that related to the composition of the soil in the mound. The Novys cannot point to how the failure to allow them to obtain a soil sample had any impact on their case. We cannot find that the denial of this Motion constituted an abuse of discretion.

{¶71} The fourth assignment of error is without merit.

{¶72} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs to be taxed against the parties equally.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

18