[Cite as *Novy v. Ferrara*, 2015-Ohio-4428.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO


DR. EUGENE NOVY, et al.,          :          **O P I N I O N**

      Plaintiffs-Appellants,          :

      - vs -          :          **CASE NO.  2014-P-0064**

JOSEPH FERRARA, JR., et al.,          :

      Defendants-Appellees.          :


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2009 CV 01654.

Judgment: Affirmed.


*Diane A. Calta* and *Joseph W. Diemert, Jr.,* Joseph W. Diemert, Jr. & Associates Co., L.P.A., 1360 S.O.M. Center Road, Cleveland, OH 44124 (For Plaintiffs-Appellants).

*Harry A. Tipping, Harold M. Schwarz, III,* and *Christopher A. Tipping,* Stark & Knoll Co., L.P.A., 3475 Ridgewood Road, Akron, OH 44333 (For Defendants-Appellees).


DIANE V. GRENDELL, J.

{¶1}    Plaintiffs-appellants, Dr. Eugene and Anne Novy, appeal from the Order and Journal Entry of the Portage County Court of Common Pleas, denying their Motion Requesting an Award of Punitive Damages and Attorney's Fees.  The issue to be determined in this case is whether the law of the case doctrine prevents a party from raising an argument that has already been ruled upon by an appellate court.  For the following reasons, we affirm the decision of the lower court.

{¶2} On October 28, 2009, the Novys filed a Complaint against their neighbors, Joseph and Victoria Ferrara, based on the contention that the Ferraras caused a mound of dirt to be constructed abutting the Novys' property, which "serve[d] as a dam to the natural flow of water," causing water drainage problems on their property.[1] The Complaint raised claims for Trespass, Nuisance, and Intentional Interference with the Flow of Water. On the same date, the Novys filed a Motion for Preliminary Injunction, which was subsequently denied.

{¶3} Both parties filed motions for summary judgment. On April 30, 2012, the trial court issued an Order and Journal Entry, granting the Ferraras' Motion for Summary Judgment as to the claim for Intentional Interference with the Flow of Water, holding that "[n]either common law nor Ohio statutory law recognizes such a cause of action." The Motions for Summary Judgment as to the remaining claims were overruled.

{¶4} A jury trial was held on the remaining claims in April 2013. The testimony and evidence presented are fully described in *Novy v. Ferrara*, 11th Dist. Portage No. 2013-P-0063, 2014-Ohio-1776, ¶ 13-25. In summary, the Novys owned property next to the Ferraras'. According to Eugene Novy, Joseph Ferrara created a dirt mound on the portion of his property adjoining the Novys', which affected water flow on their property. He also testified that Ferrara added both a pipe and boulders which extended onto his property. A surveyor, Steven Hovanscek, confirmed that the pipe and boulders were on the Novys' property by less than a foot.

{¶5} Joseph Ferrara testified that although he completed a project on his land using dirt/fill material, it did not impact water flow. A civil engineer, Dustin Keeney,

---

1. During the trial, the court dismissed Victoria Ferrara as a party.

explained that changes made by the Novys on their own property may have caused the drainage problems.

{¶6} On the Trespass claim, the jury found that Ferrara entered upon the Novys' land without permission, but that no damage was caused. The jury also found that no nuisance was created. A Magistrate Entry of Judgment on Jury Verdict was filed on April 25, 2013.

{¶7} On May 8, 2013, the Novys filed a Motion for Permanent Injunction, Judgment Notwithstanding the Verdict, or New Trial, which the court denied.

{¶8} The Novys filed an appeal in *Novy*, 2014-Ohio-1776. This court held that the trial court properly dismissed the Novys' claim for Intentional Interference with the Flow of Water, as well as correctly denied the request for an injunction and other motions. We also held that, "[s]ince the jury in this case found that trespass did occur, nominal damages should have been awarded," and reversed solely as to this issue, ordering nominal damages to be awarded by the trial court upon remand. *Id.* at ¶ 47 and 49.

{¶9} On July 22, 2014, a Magistrate Decision was filed, in which the magistrate, pursuant to the remand, determined that the Novys should receive nominal damages in the amount of $100.00. The Decision also stated that no punitive damages or attorney's fees should be awarded.

{¶10} The Novys filed a Motion Requesting an Award of Punitive Damages and Attorney's Fees on August 13, 2014. Ferrara filed a brief in opposition.

{¶11} The court filed an Order and Journal Entry Adopting Magistrate Decision on September 15, 2014, adopting the Magistrate Decision awarding nominal damages.

3

{¶12} On September 29, 2014, the trial court filed an Order and Journal Entry, denying the Novys' Motion Requesting an Award of Punitive Damages and Attorney's Fees. The court noted that "the Jury, the Court of Appeals, and the Magistrate found that there should be no award for punitive damages or attorney's fees" and that it "sees no reason to award punitive damages or attorney fees from the facts of this case."

{¶13} On appeal, the Novys raise the following assignment of error:[2]

{¶14} "The trial court erred as a matter of law when it overruled Appellants' motion requesting an award of punitive damages and attorneys' fees on Appellants' trespass claim."

{¶15} We will evaluate the trial court's denial of the Novys' Motion under an abuse of discretion standard. *Lozada v. Lozada*, 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700, ¶ 65 ("[s]ave a clear abuse of discretion, an appellate court may not reverse the trial court's judgment on attorney fees"); *Becker Equip., Inc. v. Flynn*, 12th Dist. Butler No. CA2002-12-313, 2004-Ohio-1190, ¶ 11 (evaluating a motion for punitive damages and attorney's fees under an abuse of discretion standard).

{¶16} The Novys argue that the trial court erred by failing to consider the facts supporting their contention that punitive damages should have been awarded on their Trespass claim, since the award of nominal damages on remand provided a basis for considering punitive damages.

---

2. Ferrara filed a Motion to Dismiss the present appeal on the grounds that the matter was barred by the law of the case doctrine. On April 17, 2015, this court denied the Motion, holding that, in the absence of case law to support dismissal, the issues raised would be properly resolved through the normal appellate process.

{¶17} Ferrara contends, inter alia, that this exact issue has already been decided by this court in the prior appeal and the ruling on that matter is the law of the case.

{¶18} As an initial matter, Ferrara contends that the Novys did not object to the Magistrate Decision awarding nominal damages and determining no punitive damages or attorney's fees should be awarded and are barred from raising this issue on appeal.

{¶19} Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶20} It is correct that the Novys did not object to the July 22, 2014 Magistrate Decision awarding nominal damages, adopted by the trial court on September 15, 2014. The Novys, however, do not appeal from that judgment but from the court's separate September 29, 2014 Order and Journal Entry, denying their Motion for punitive damages and attorney's fees. While that Order did note that the magistrate had found no punitive damages were warranted, it did not expressly adopt that finding or any other finding or magistrate decision. Thus, we decline to apply Civ.R. 53(D)(3)(b)(iv).

{¶21} Regardless, the law of the case doctrine prevented the Novys from rearguing their claim for punitive damages before the trial court. The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410

5

(1984). "[T]he decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Id.* at 4; *Weller v. Weller*, 11th Dist. Geauga No. 2004-G-2599, 2005-Ohio-6892, ¶ 15. Where the appellate court has already addressed and rejected an appellant's claims, they lack merit under this doctrine. *State v. Jackson*, 11th Dist. Trumbull No. 2008-T-0024, 2010-Ohio-1270, ¶ 29.

{¶22} The law of the case doctrine is "necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Nolan* at 3.

{¶23} In the previous *Novy* appeal, this court held the following:

> The Novys argue that, if the jury had properly awarded nominal damages, it also would have considered awarding punitive damages and attorney fees. However, since the jury failed to determine that even nominal damages were necessary to remedy the trespass, it appears that it had no intent to award any other damages. The jury was instructed as to punitive damages and chose to give no award, a determination which we need not second-guess. Furthermore, it has been noted that "[n]ominal damages * * * are not the actual damages that are a prerequisite to an award of punitive damages." *Caserta v. Connolly*, 6th Dist. Ottawa No. OT-03-004, 2004-Ohio-6001, ¶ 14, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 82, 461 N.E.2d 1273 (1984); *Utz v. Stovall*, 11th Dist. Portage No. 2012-P-0135, 2013-Ohio-

6

4299, ¶ 62 ("[p]unitive damages may not be awarded when a jury fails to award compensatory damages").

2014-Ohio-1776, at ¶ 48. This ruling directly addressed the exact argument raised by the Novys in the present appeal, whether punitive damages are warranted when nominal damages are awarded. The Novys specifically argued in their prior appeal that "the trial court should have also required the jury to enter a finding in favor of the Appellants for an award of punitive damages and attorney's fees," the same argument they raise here. In fact, two of the primary cases cited by the Novys in their brief in the present matter were also raised in their prior brief. The Novys are not entitled to have the trial court or this court consider this issue for a second time. *Aurora Loan Servs., LLC v. Cart*, 11th Dist. Ashtabula No. 2011-A-0070, 2012-Ohio-5024, ¶ 23 (where an argument was previously raised on appeal, it was barred by both res judicata and the law of the case doctrine).

{¶24} The lower court did exactly what this court ordered and awarded nominal damages, also holding that there was no basis for punitive damages and attorney's fees. This was not an error but, instead, appropriate compliance with this court's prior decision. It is also noteworthy that the prior matter was appealed to the Ohio Supreme Court, which declined to exercise jurisdiction, thus permitting the application of the law of the case doctrine. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 323, 649 N.E.2d 1229 (1995) (when an appeal to the Ohio Supreme Court was denied, the law of the case doctrine applied).

{¶25} Even if the Novys were permitted to reargue whether punitive damages can be awarded based upon nominal damages, there is no basis to contend that

7

punitive damages should have been either considered or awarded by the lower court. As we noted in our prior opinion, the jury had no intent to award punitive damages, since it did not even believe nominal damages were warranted and there was no basis to second guess that decision. 2014-Ohio-1776, at ¶ 48.

{¶26} Regarding the issue of attorney's fees, the Novys argue that, since punitive damages should have been awarded, such fees could have then been recoverable. However, since punitive damages were not warranted, an award of attorney's fees also would not be permissible. *See Langaa v. Pauer*, 11th Dist. Geauga No. 2004-G-2600, 2005-Ohio-6295, ¶ 61 ("[u]nder the 'American Rule' the parties bear their own attorney fees unless an exception applies, such as * * * when the prevailing party has recovered punitive damages").

{¶27} The sole assignment of error is without merit.

{¶28} For the foregoing reasons, the Order and Journal Entry of the Portage County Court of Common Pleas, denying the Novys' Motion Requesting an Award of Punitive Damages and Attorney's Fees, is affirmed. Costs to be taxed against appellants.


COLLEEN MARY O'TOOLE, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring.


8

{¶29} I concur with the majority opinion that this appeal must be affirmed. The law of the case doctrine prevents appellants from raising their argument for punitive damages and attorney fees, as it has already been ruled upon by this court in *Novy v. Ferrara*, 2014-Ohio-1776. I write separately to address two points.

{¶30} First, I do not believe our standard of review of the trial court's denial of appellants' motion is whether the trial court abused its discretion. This suggests the trial court *could* have allowed consideration of punitive damages and attorney fees. As we have noted, however, the law of the case doctrine applies, and the denial of the motion was mandated as a matter of law. Those questions we review de novo.

{¶31} Second, we should address appellants' specific argument, which is that the law of the case doctrine does not apply because nominal damages allow for consideration of an award of punitive damages in a tort case as "actual damages" are inclusive of "nominal damages." Appellants argue that when this case was returned to the trial court with instructions to issue an award of nominal damages, the trial court should have assessed the question of punitive damages and attorney fees anew. That is incorrect.

{¶32} Appellants cite to several old Ohio Supreme Court cases and to the Restatement of Torts §163. However, this issue is resolved by statute in Ohio. The version of R.C. 2315.21 that was in effect in 2001 provided that "[p]unitive or exemplary damages are recoverable from a defendant in a tort action irrespective of whether the plaintiff in question has adduced proof of actual damages." This statute was amended several times over the next several years. The current version, effective in 2005, provides at R.C. 2315.21(C):

9

(C) Subject to division (E) of this section, punitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply:

(1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.

(2) The trier of fact has returned a verdict or has made a determination pursuant to division (B)(2) or (3) of this section of the total compensatory damages recoverable by the plaintiff from that defendant.

{¶33} In *Novy*, we held that nominal damages "'are not the actual damages that are a prerequisite to an award of punitive damages.'" *Id.* at ¶48, quoting *Caserta v. Connolly*, 6th Dist. Ottawa No. OT-03-004, 2004-Ohio-6001, ¶14; citing *Utz v. Stovall*, 11th Dist. Portage No. 2012-P-0135, 2013-Ohio-4299, ¶62. Although we did not cite the statute in the prior opinion, the case law we cited in support of this holding is rooted in R.C. 2315.21. *See Caserta*, *supra*, ¶13-14 (citation omitted) ("R.C. 2315.21(B) permits an award of punitive damages in a tort action where the actions or omissions of a defendant demonstrate actual malice and the plaintiff proves actual damages as a result of those actions or omissions. * * * Nominal damages, however, are not the actual damages that are a prerequisite to an award of punitive damages."); *Utz, supra*, ¶59-60 ("Pursuant to R.C. 2315.21(B) * * * Utz was required to demonstrate evidence of malice on the part of Stovall and actual damages before her claim for punitive damages could be considered by the jury.").

{¶34} Therefore, the law of the case doctrine applies, and appellants are unable to recover punitive damages because they were not awarded "actual damages" (or, according to the current text found in R.C. 2315.21(C), because they were not awarded

"compensatory damages").  This issue was already argued and decided in *Novy*; therefore, I concur that appellants' argument is barred by the law of the case doctrine.